Jose Antonio BAUTISTA, Appellant,

v.

The STATE of Texas, Appellee.

No. 10-00-226-CR.

Court of Appeals of Texas, Waco.

Feb. 6, 2002.

Discretionary Review Refused May 29, 2002.

Floyd W. Freed, III, Spring, for appellant.

Charles A. Rosenthal, Jr., Harris County Dist, Atty., Kelly Ann Smith, Charles A. Noll, Harris County Dist. Attys., Houston, for appellee.

Before Chief Justice McDONALD (Retired), Justice VANCE, and Justice GRAY.

## OPINION

TOM GRAY, Justice.

A jury convicted Jose Antonio Bautista of attempted sexual assault. He was sentenced to 7 years in prison. Bautista now appeals his conviction. We affirm.

### BACKGROUND

Bautista does not complain about the sufficiency of the evidence on appeal;

therefore, we will only briefly discuss the facts of the case. Deputy Constable Mark Timmers was on patrol in the early morning hours at a park when he noticed a couple on the ground near a tree. As the deputy approached the couple, a man jumped up and ran to his pickup truck as he was pulling up his pants. The man was later identified as Bautista. A woman, Mary Acosta, ran screaming toward the deputy. Acosta said she had been forced from Bautista's vehicle in the park. She also said that Bautista held her down on the ground while he removed her underwear.

### PRIOR INCONSISTENT STATEMENT

In the first of three issues, Bautista contends the trial court erred in denying his right to introduce testimony of the complainant's previous statement of consent. At trial, Acosta testified that she had not consented to Bautista's attempt to have sex with her. After the State rested its case, Bautista attempted to ask one of his witnesses, Donia Elysia Guiterrez, "Did Maria ever tell you that Jose Bautista never tried to rape her in the park?" The State voiced a hearsay objection to the question. Without argument by Bautista, the trial court sustained the objection. The next day, Bautista offered a summary of what Guiterrez would have said: 1) that Acosta told her Bautista never tried to rape her in the park; 2) that the sex was voluntary and consensual; and 3) that Acosta was doing "this" because of pressure from the constable's office.

■ On appeal, Bautista argues that Guiterrez would have testified to a prior inconsistent statement by Acosta which could have been admissible to impeach Acosta. The State objected to the question by Bautista as hearsay. Bautista never offered any explanation as to why its answer would not be hearsay or would be otherwise admissible under another rule. The answer to the question asked by Bautista would have been hearsay; that is, an out-of-court statement offered for the truth of the matter asserted. TEX.R. EVID. 801(d). It did not err in excluding the answer. Bautista's first issue is overruled.

### INEFFECTIVE ASSISTANCE OF COUNSEL

In his second issue, Bautista contends his trial counsel rendered ineffective assistance of counsel. Specifically, he claims that had his trial attorney laid the proper predicate with Acosta, Guiterrez' testimony of Acosta's prior inconsistent statement would have been admissible.

### LAW

■ In assessing the effectiveness of counsel, we apply the test set forth by the Supreme Court in *Strickland v. Washington. Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); *Hernandez v. State*, 988 S.W.2d 770, 772 (Tex.Crim.App.1999); *Ex parte Jarrett*, 891 S.W.2d 935, 938 (Tex. Crim.App.1994). *Strickland* requires us to determine whether (1) counsel's performance was deficient; and if so, (2) whether there is a reasonable probability the results would have been different but for counsel's deficient performance. *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064. This two-pronged test is the benchmark for judging whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a reliable result. *Thompson v. State*, 9 S.W.3d 808, 812–13 (Tex.Crim.App.1999).

■ We strongly presume that counsel's conduct lies within the "wide range of reasonable representation." *McFarland v. State*, 928 S.W.2d 482, 500 (Tex.Crim. App.1996). The appellant bears the burden of proving by a preponderance of the

evidence that counsel was ineffective. *Thompson,* 9 S.W.3d at 813. Our scrutiny of counsel's performance must be highly deferential, and every effort must be made to eliminate the distorting effects of hindsight. *See Strickland,* 466 U.S. at 689, 104 S.Ct. at 2065; *Thompson,* 9 S.W.3d at 813. Allegations of ineffective assistance of counsel must be firmly founded in the record. *Thompson,* 9 S.W.3d at 813.

APPLICATION

■ The only showing Bautista attempts to make that his trial counsel's performance was deficient is a statement in his brief that trial counsel's inability to introduce Guiterrez' testimony rendered his performance deficient. First, there is no showing that trial counsel could have established the proper predicate for the introduction of Guiterrez' testimony. Second, even if counsel had laid the proper predicate, doing so would not have guaranteed the admission of Guiterrez' testimony. *See* TEX.R. EVID. 613(a). Acosta would have had to deny making statements to Guiterrez that were inconsistent with her trial testimony. *Id.* If she unequivocally admitted to making the statements, Guiterrez' testimony could not have been admitted. *Id.* Bautista has not proven by a preponderance of the evidence that his counsel was ineffective. His second issue is overruled.

FAILURE TO TESTIFY

In his final issue, Bautista argues that the trial court erred in overruling his objection to the State's comment on his failure to testify.

Bautista took the stand to testify in his own behalf. The State attempted to ask Bautista when he first raised the defense of consent under oath. Each attempt was met with objections which were overruled. On the fourth attempt, Bautista finally answered.

■ Any defendant in a criminal action can testify in his own behalf; but the failure of a defendant to so testify cannot be commented upon. TEX.CODE CRIM. PROC. ANN. art. 38.08 (Vernon 1979). When addressing a complaint of improper comments on a defendant's *failure to testify in his own behalf,* we review the language from the standpoint of the jury. *Staley v. State,* 887 S.W.2d 885, 895 (Tex.Crim.App. 1994); *Swallow v. State,* 829 S.W.2d 223, 225 (Tex.Crim.App.1992) (emphasis added).

■ Bautista's argument in this issue is without merit. Bautista was *testifying in his own behalf* when the State asked the question. There cannot be an improper comment on his failure to testify when he is on the stand testifying. His third issue is overruled.

CONCLUSION

Having overruled each issue, the judgment of the trial court is affirmed.

Justice VANCE dissenting.

BILL VANCE, Justice, dissenting.

Evidence of prior inconsistent statements of a witness who has testified may be offered to impeach that witness's credibility. TEX.R. EVID. 613(a); *See Flores v. State,* 48 S.W.3d 397, 404 (Tex.App.-Waco 2001, pet. ref'd) (citing *Ramirez v. State,* 987 S.W.2d 938, 944 (Tex.App.-Austin 1999, no pet.)). When the prior statement is not offered as primary evidence but to impeach the witness' credibility, it is not hearsay. *See Flores,* 48 S.W.3d at 404. Thus, the admissibility of a prior inconsistent statements to impeach does not depend upon an exception to hearsay. *See id.*

However, as a predicate, Rule 613 directs that before a witness may be impeached she must be informed of the statement's content, the time and place at which it was made, and the person to whom it was uttered. *Id.;* TEX.R. EVID. 613(a). If the witness unequivocally admits having made the statement, extrinsic evidence of the statement may not be admitted. *Id.*

Acosta testified for the State. Guiterrez testified for the defense about other matters. When she was asked about the Acosta's prior statements, the State objected on the basis of hearsay. Because counsel did not urge admissibility under Rule 613(a), the objection was properly sustained.[1] Later, in the context of counsel's proffer of the substance of Guiterrez' testimony, the context made it apparent that the statements were prior inconsistent statements. Although it is questionable whether the court ruled again, only replying "all right," a ruling continuing to deny admissibility was correct because the Rule 613(a) predicate had not been laid. *See Osteen v. State,* 61 S.W.3d 90, 90–91 (Tex. App.-Waco 2001, no pet. h.). Thus, I agree that Bautista's first issue should be overruled.

His second issue, however, has merit. Bautista testified that the sex was consensual. Acosta's credibility was subject to impeachment because she had made statements to Guiterrez denying that a rape occurred and that her sex with Bautista was voluntary and consensual. Thus, on the issue of consent, a direct conflict in the testimony existed between Bautista and Acosta. Under the first *Strickland* prong, when counsel failed to inform the court that the impeaching statements were being offered under Rule 613(a) and when he failed to lay the predicate for admission of those prior inconsistent statements, his performance was deficient. *Hernandez v. State,* 726 S.W.2d 53, 57 (Tex.Crim.App. 1986) (adopting the standard of *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). I can conceive of no strategic reason for failing to advance the best defense available to Bautista. Turning to the second prong—that he must show a reasonable probability that, but for his counsel's unprofessional errors, the result of the proceeding would have been different—the result is evident. *See Thompson v. State,* 9 S.W.3d 808, 812 (Tex.Crim.App.1999). Considering that "a reasonable probability is a probability sufficient to undermine confidence in the outcome," one can easily imagine that, given the absence of any other direct evidence on the question of consent, a jury might have reached a different decision had it heard Acosta's prior inconsistent statements that impeached Acosta's testimony about the events. *See id.*

I agree with majority's the "failure to testify" discussion.

Because counsel was ineffective when he failed to get Acosta's prior inconsistent statements before the jury—statements that might have cast doubt on her credibility and pierced the heart of an element of the offense—I would reverse the judgment and remand the cause for a new trial. Because the majority does otherwise, I respectfully dissent.

---

**1.** If offered for the truth of the matter asserted, such an out-of-court statement is hearsay and inadmissible unless falling within some hearsay exception. STEVEN GOODE, OLIN GUY WELLBORN III, M. MICHAEL SHARLOT, TEXAS PRACTICE GUIDE TO THE TEXAS RULES OF EVIDENCE: CIVIL AND CRIMINAL § 613.2 at 639 (2nd Ed.1993).