**Ernesto CASTORENO, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 04–95–00208–CR.

Court of Appeals of Texas, San Antonio.

April 17, 1996.

Rehearing Overruled May 17, 1996.

Discretionary Review Refused Oct. 30, 1996.

598

Paul J. Goeke, San Antonio, for appellant.

Brenda Levenstein, Assistant Criminal District Attorney, San Antonio, for appellee.

Before CHAPA, C.J., STONE and GREEN, JJ.

## OPINION

CHAPA, Chief Justice.

Appellant, Ernesto Castoreno, was convicted by a jury of one count of aggravated sexual assault of a child and one count of indecency with a child. He was sentenced to twenty years incarceration on the aggravated sexual assault count and five years incarceration on the indecency with a child count. In ten points of error alleging ineffective assistance of counsel, appellant appeals his conviction. We affirm.

## FACTS

Appellant was convicted of sexually assaulting his nine-year-old step-daughter, Adrianna, in August of 1993. In September of 1993, Adrianna's mother found her in bed with her younger brother simulating sexual activity. Upon being scolded, Adrianna became upset and told her mother that her step-father had been assaulting her for several years. Adrianna's mother contacted the police and had Adrianna examined by a physician and a counselor.

At trial, both Adrianna and her mother testified, as well as Adrianna's treating physician. The medical records regarding Adrianna's treatment following her allegations of abuse were admitted as evidence. Appellant took the stand on his own behalf. Also, appellant's brother and Adrianna's half-sister testified for the defense.

In his first through ninth points of error, appellant asserts that he was denied effective assistance of counsel in violation of the United States Constitution. In his tenth point of error, appellant contends that the trial court erred in denying his motion for new trial based upon his ineffective assistance of counsel claims.

## STANDARD OF REVIEW

The *Strickland* standard has been adopted in Texas for resolving allegations of ineffective assistance of counsel under both

the federal and state constitutions. *See Holland v. State,* 761 S.W.2d 307, 314 (Tex.Crim. App.1988), *cert. denied* 489 U.S. 1091, 109 S.Ct. 1560, 103 L.Ed.2d 863 (1989).

According to the *Strickland* analysis, an appellant must demonstrate first, that trial counsel's performance was so wrought with error that the attorney was not functioning effectively as counsel, and then, that trial counsel's deficient performance prejudiced the defense to such a degree that appellant was deprived of a fair trial. *Strickland v. Washington,* 466 U.S. 668, 690–94, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Butler v. State,* 872 S.W.2d 227, 241 (Tex.Crim.App.1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 1115, 130 L.Ed.2d 1079 (1995).

■ Prejudice is demonstrated when the convicted defendant shows "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." *Strickland,* 466 U.S. at 694, 104 S.Ct. at 2068. In this connection, a strong presumption exists that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Id.* at 689, 104 S.Ct. at 2065.

### ARGUMENTS ON APPEAL

Appellant alleges eight separate instances of ineffective assistance of counsel:

First, appellant contends that his trial counsel's failure to object to the admission of Adrianna's medical records was erroneous because those records contained references to extraneous offenses allegedly committed by appellant. Specifically, the records in question contained session notes taken by a social worker at the hospital after conversations with Adrianna and her mother. The notes indicate that Adrianna claimed that she had been molested by appellant since she was "a baby." The notes also indicate that Adrianna's mother stated that a former neighbor claimed that she was "raped" by appellant and that Adrianna's eight-year old aunt also claimed she was sexually abused by appellant. In his second point of error, appellant complains that Adrianna's mother also testified regarding appellant's extrane-

ous offenses with no objection from his trial counsel. Finally, appellant claims that his trial counsel actively elicited testimony regarding appellant's alleged extraneous offenses, including testimony regarding appellant's use of pornographic magazines and movies in the presence of his children.

■ Whether the extraneous offenses appellant complains of were inadmissible is questionable. In sexual abuse cases, where the defendant has denied the act, admission of other acts committed by the defendant against the complainant are generally admissible. *Boutwell v. State,* 719 S.W.2d 164, 178 (Tex.Crim.App.1985). On the other hand, evidence regarding extraneous sexual acts between appellant and third parties are generally inadmissible. *Alvarado v. State,* 775 S.W.2d 851, 856 (Tex.App.—San Antonio 1989, pet. ref'd). However, such evidence may be admissible in certain circumstances. For example, evidence of extraneous acts between a defendant and a third party are admissible to rebut a defensive theory that the defendant was being framed. *See Owens v. State,* 827 S.W.2d 911, 917 (Tex.Crim.App. 1992); *Boutwell,* 719 S.W.2d at 179; *Albrecht v. State,* 486 S.W.2d 97, 100–01 (Tex.Crim. App.1972).

In *Alvarado,* we held evidence of sexual conduct between the defendant and a third party to be inadmissible. *Alvarado,* 775 S.W.2d at 856. However, in that case, there is nothing to indicate that the defendant testified or offered in any way a defensive theory that the evidence of extraneous acts could have been used to rebut. The use of the evidence in question in *Alvarado* did not fall into any established exception to the inadmissibility of evidence of sexual conduct between a defendant and a third party. *See Boutwell,* 719 S.W.2d at 179. Rather, it seems the evidence in *Alvarado* was used to prove character conformity, which is impermissible. *Owens,* 827 S.W.2d at 916–17.

In the present case though, appellant contended throughout the trial that Adrianna was confused and angry and that she was making up the allegations against him. As such, the complained of evidence would have been admissible over any objection appellant's counsel might have raised. Counsel's

failure to object to admissible testimony does not constitute ineffective assistance of counsel. *Jackson v. State*, 846 S.W.2d 411, 414 (Tex.App.—Houston [14th Dist.] 1993, no pet.).

■ Even assuming that the complained of evidence could have been excluded with proper objection, we cannot conclude that appellant has met his burden under the second prong of the *Strickland* analysis. We agree with appellant that we cannot consider his counsel's failure to object to the admission of the medical records as trial strategy. The record clearly reflects that counsel was unaware of the contents of the medical records at the time they were admitted into evidence. This neglect alone constitutes erroneous representation. However, given the great weight of the admissible evidence which supports the charged offenses, appellant has failed to demonstrate that the jury's conclusion regarding his guilt of those offenses would have been different had the medical records been excluded. *Washington v. State*, 771 S.W.2d 537, 545 (Tex.Crim.App. 1989), *cert. denied*, 492 U.S. 912, 109 S.Ct. 3229, 106 L.Ed.2d 578 (1989).

■ With respect to appellant's contentions regarding his trial counsel's promulgation of testimony regarding extraneous offenses, we find that appellant has failed to demonstrate that such actions were not trial strategy. Any error in trial strategy will be deemed inadequate representation only if counsel's actions are without any plausible basis. *Ex parte Burns*, 601 S.W.2d 370, 372 (Tex.Crim.App.1980). Such is not the situation in the case before us. For example, appellant points to portions of the cross-examination of Adrianna's mother in which his trial counsel repeatedly inquires about the exact date that Adrianna first alleged that appellant was sexually abusing her as evidence of counsel's incompetency. However, in his closing argument, counsel referenced the discrepancy in the testimony of Adrianna and her mother regarding the dates of the outcry in support of the defensive theory that Adrianna was fabricating the allegations against appellant.

Appellant also complains that his trial counsel asked Adrianna's mother if she believed Adrianna when she made the outcry. This was arguably an attempt to confirm the statement contained in the social worker's notes that Adrianna's mother did not initially believe Adrianna's allegations. Further, appellant's trial counsel used the testimony regarding the use of pornography in appellant's home to support his contention that Adrianna was exposed to sexually explicit information and was sophisticated enough to contrive the allegations she made against appellant.

Clearly, the propriety of counsel's actions with respect to the admission of appellant's alleged extraneous offenses is questionable. However, we find that appellant has failed to meet his burden under the second prong of the *Strickland* analysis with respect to his claims regarding the admission of medical records. We further find that appellant has failed to demonstrate that his counsel's actions were not trial strategy with respect to his questioning of witnesses. Accordingly, appellant's first, second, and third points of error are overruled.

■ At trial, Adrianna's examining physician testified regarding Adrianna's statements to him concerning her alleged abuse. Appellant contends that his counsel was ineffective in failing to object to the physician's testimony as hearsay. Appellant concedes that Tex.R.Crim.Evid. 803(4) makes an exception to the hearsay rule for statements made for purposes of medical diagnosis or treatment. However, appellant complains that his counsel allowed the doctor to testify too extensively regarding statements that Adrianna made during the examination. Appellant specifically contends that Rule 803(4) does not authorize the disclosure of Adrianna's statements identifying appellant as her abuser.

Tex.R.Crim.E. 803(4) provides that the following shall be deemed an exception to the general rule against the admission of hearsay:

Statements made for purposes of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or exter-

nal source thereof insofar as reasonably pertinent to diagnosis or treatment.

In *Macias v. State*, 776 S.W.2d 255 (Tex. App.—San Antonio 1989, pet. ref'd), we held that Rule 803(4) explicitly includes statements of the "inception or general character of a cause or external source thereof." *Id.* at 259. Moreover, in *Tissier v. State*, 792 S.W.2d 120 (Tex.App.—Houston [1st Dist.] 1990, pet. ref'd), the court, citing *Macias,* held that the testimony of a child's treating physician concerning the child's statement that the defendant had caused his injuries was admissible as a hearsay exception under Rule 803(4). *Id.* at 125; *see United States v. Renville*, 779 F.2d 430, 437 (8th Cir.1985) (child's statement to a doctor identifying an assailant in a sexual assault admissible under corresponding federal rule of evidence).

Accordingly, it was clearly not error for appellant's trial counsel to fail to object to the doctor's testimony. In fact, it is not impossible that such failure to object was part of counsel's trial strategy. Following the doctor's testimony regarding Adrianna's statements, appellant's counsel elicited testimony from the doctor admitting that the result of his examination of Adrianna was normal and that he found no physical evidence of abuse. This lack of evidence, coupled with Adrianna's statements to the doctor, lends credence to appellant's contention that Adrianna was fabricating the allegations. Further, in light of the balance of the testimony in this case, it can not be said that the exclusion of the doctor's statements would have changed the result of the trial. *Washington*, 771 S.W.2d at 545. Appellant's fourth point of error is overruled.

■ Appellant further contends that his trial counsel's examination of Christina Castoreno, appellant's daughter by his first marriage, constituted ineffective assistance of counsel. Particularly, appellant directs our attention to the following exchange:

Q: Okay. Now up until June of '93 when you lived there, did Adrianna ever tell you that she was being sexually abused by Ernesto Castoreno?

A: No, she told me she wasn't—

[Prosecutor]: Judge, I object to any hearsay.

The Court: Sustained.

Q: Okay. When did she tell you this, if you can give us an approximate time?

A: I was in tenth grade, I was 16 years old and she had told me that Junior would—

[Prosecutor]: I would object to any hearsay, Judge.

The Court: Sustained.

Appellant argues that because of his counsel's inability to ask questions in the proper form, Christina was unable to tell the jury about statements made by Adrianna that were inconsistent with her allegations of sexual abuse. However, counsel later elicited testimony regarding Christina's opinion of Adrianna's truthfulness.

Appellant also contends that his own direct examination was conducted ineffectively. Appellant references points of his testimony in which his counsel asked him about a conversation he had with his wife after Adrianna made her outcry. The prosecutor objected to appellant testifying as to what his wife said as hearsay. After several attempts, appellant's attorney abandoned that line of questioning. Appellant contends that his counsel was seeking to elicit testimony regarding statements by his wife that were inconsistent with statements she made earlier in trial. He argues that had his counsel been familiar with the rules of evidence, he would have been able to ask the questions in a way that would have elicited a non-objectionable response.

■ In advancing both of these arguments regarding his counsel's ability to question witnesses, appellant contends that "[i]t is apparent from the context of the unanswered questions that defense counsel was seeking to [elicit testimony that would have been beneficial to appellant]." However, as the State correctly notes, appellant has offered no proof of what these statements may have been or how they would have been beneficial to appellant's defense. A claim of ineffective assistance of counsel can be sustained only if it is firmly grounded in the record. *Mercado v. State*, 615 S.W.2d 225, 228 (Tex.Crim.App.

[Panel Op.] 1981). We may not speculate as to what may have happened had counsel properly circumvented the State's objections. While we agree that counsel's direct examinations could have been handled in a more proficient manner, there is nothing in the record to support a claim that counsel's actions amounted to ineffective assistance.

Appellant also complains of his counsel's objection to the prosecutor's cross examination as going outside the scope of the direct examination. While this clearly demonstrates a lack of knowledge of the scope of cross examination in Texas, appellant has failed to demonstrate how counsel's objection harmed his defense. Appellant has failed to establish a reasonable probability that had counsel more thoroughly examined Christina Castoreno and appellant, the outcome of the trial would have been different. As such, appellant has failed to meet his burden of proving ineffective assistance of counsel by a preponderance of the evidence. *Cannon v. State,* 668 S.W.2d 401, 403 (Tex.Crim.App. 1984). Accordingly, Appellant's fifth and eighth points of error are overruled.

■ During her direct examination, Christina Castoreno, appellant's older daughter, testified that she left the Castoreno home because Adrianna's mother "kicked" her out. Christina testified that she was asked to leave the house because she left the younger children at home alone when she was supposed to be watching them. On cross-examination, the State questioned Christina about a police report which indicated that shortly before she left home, appellant had called the police because his daughter (Christina) had been raped and was passed out in his house. The State attempted to establish that the incident described in the police report was the reason Christina was asked to leave the house. Christina denied this allegation.

Appellant alleges that he was denied effective assistance of counsel because his trial counsel failed to object to the use of the police report to contradict Christina's testimony. However, appellant fails to demonstrate how his counsel's failure to object was harmful to his defense. Although the police report evidences the incident it describes, it did not establish that Christina was not telling the truth regarding the reason she left home. Christina reiterated that she left home for reasons other than the incident described in the police report. It is entirely possible that counsel made a conscious decision not to object to the use of the police report, as an objection would have drawn attention to relatively harmless evidence. Failure to object and exclude inadmissible testimony is not necessarily ineffective assistance. *Ybarra v. State,* 890 S.W.2d 98, 113 (Tex.App.—San Antonio 1994, pet. ref'd). Neither has counsel rendered ineffective assistance merely because other counsel may have tried the case differently. *Id.* Appellant's sixth point of error is overruled.

■ At trial, following an objection by the State to the relevancy of the testimony of appellant's brother, Eugene Castoreno, a bench conference was held. Appellant's trial counsel told the trial court that Eugene would testify that he saw Adrianna watching a pornographic movie at appellant's house. When Eugene actually testified, he stated that he saw a "young lady" watching the movie. Upon further questioning, Eugene indicated that he believed the young lady he saw to be Adrianna or a girl who would now be about 12 or 13 years old, but that he really did not know her name. Appellant contends that the disparity between what his trial counsel told the court Eugene would say and Eugene's actual testimony indicates that trial counsel had not interviewed the witness prior to eliciting the testimony.

Again, appellant is asking us to speculate. There is nothing in the record to indicate that appellant's trial counsel did not interview Eugene Castoreno before he testified. In fact, the testimony given by Eugene was exactly what trial counsel said it would be, except for the fact that Eugene did not know the name of the girl watching the movie. It had already been established that there were no girls living in the house that were close to Adrianna's age. It is reasonable to assume that the point trial counsel was attempting to make through Eugene's testimony—that Adrianna had been exposed to sexually explicit material from a young age—could be adequately inferred by the jury. Eugene also

testified that appellant, who was with him at the time, turned the movie off when he saw it. Not only has appellant failed to prove the ineffective assistance he alleges in this point, he has wholly failed to demonstrate how his defense was harmed by Eugene Castoreno's testimony. *See Strickland,* 466 U.S. at 693–94, 104 S.Ct. at 2067–68. Appellant's seventh point of error is overruled.

 In his ninth point of error, appellant contends that his counsel's failure to preserve any trial error for appellate review, his failure to exclude inadmissible evidence, and his failure to articulate a defensive posture, taken together, reveal an attorney completely incapable of defending an individual accused of a crime. Appellant argues that his trial counsel, through incompetent questioning of witnesses, did more damage to his defense than did the State. Appellant further alleges that the prejudice he endured as a result of his trial counsel's misrepresentation was overwhelming.

While we acknowledge that there are several examples of attorney error on the face of this record, we also note that in evaluating a claim of ineffective assistance, we must look to *both* prongs of the *Strickland* analysis. It is well-settled that effective assistance of counsel does not mean error free counsel. *West v. State,* 790 S.W.2d 3, 5 (Tex.App.—San Antonio 1989, pet. ref'd). In order to determine whether trial counsel's performance is deficient enough to warrant further analysis, we must determine whether, in light of the entire record, trial counsel's acts or omissions were outside the range of professionally competent assistance. *Washington,* 771 S.W.2d at 545.

Trial counsel's failure to demand a hearing on the reliability of the outcry statement and his obvious inability to overcome a hearsay objection are examples of his weak trial advocacy skills. There is no question that this lack of skill resulted in inadmissible testimony being admitted and potentially beneficial testimony being excluded. Assuming the totality of appellant's representation was erroneous, the question then becomes whether the result of the trial would have been different absent the deficient conduct. *Id.* Based upon the record, we can not conclude that but for counsel's performance the result would have been different.

Appellant makes no complaint regarding his counsel's performance in reference to Adrianna's extensive testimony. This testimony alone would be enough to support appellant's conviction. Adrianna's reliability was established by the trial court on voir dire. She testified for an entire day. Her testimony was rational and logical. The testimony provided by the remaining witnesses for the state—Adrianna's mother and the examining physician—only served to corroborate Adrianna's testimony.

Further, appellant's trial counsel had ample opportunity to tarnish the credibility of Adrianna's testimony. Trial counsel offered several plausible defensive theories and supported them with evidence. He established that Adrianna had been exposed to pornography at home and in her neighborhood. Consequently, he argued that Adrianna was an "experienced" child and would have no problem fabricating the allegations against her step-father. He established a motive for such fabrication, indicating that Adrianna was upset when she learned that appellant was not her real father. It was also established that Adrianna had also been molested by her older brother who was mentally retarded. Trial counsel argued that Adrianna was confused, and, in an attempt to protect her brother, she blamed appellant. It was also noted that Adrianna did not claim that she was abused until she was caught engaging in sexual activity with her five-year old brother. Trial counsel argued that Adrianna made up the allegations against her step-father to avoid being punished for her inappropriate behavior.

 Even if defense counsel was not a proficient advocate at every turn, the jury in this case was provided with ample evidence, argument, and theory to make an informed and objective decision regarding appellant's guilt. "The bench mark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland,* 466 U.S. at

686, 104 S.Ct. at 2064. The properly admitted evidence in this case supports the jury's verdict. Where the jury has heard adequate evidence of guilt, there is no reasonable probability that the result of the appellant's trial would have been different. *Ex parte Walker,* 777 S.W.2d 427, 430 (Tex.Crim.App. 1989). Appellant's ninth point of error is overruled.

In his final point of error, appellant contends that the trial court erred in denying appellant's motion for new trial. Appellant further argues that the trial court should have held an evidentiary hearing before ruling on his motion for new trial. However, an evidentiary hearing on a motion for new trial is required only when the motion raises matters extrinsic to the record. *Haight v. State,* 772 S.W.2d 159, 161 (Tex.App.—Dallas 1989, pet. ref'd). In the present case, appellant's allegations of ineffective assistance of counsel were all contained in the record. No evidentiary hearing was required.

A trial court's denial of a motion for new trial will not be disturbed absent a clear showing of abuse of discretion. *State v. Gonzalez,* 855 S.W.2d 692, 696 (Tex.Crim. App.1993). Based upon our determination as set out above regarding the performance of appellant's trial counsel, it is difficult to say that the trial court abused its discretion in denying appellant's motion for new trial based upon ineffective assistance of counsel. More importantly, having presided at appellant's trial, the trial court actually observed the actions complained of by appellant and was adequately prepared to determine whether a new trial was warranted. There is no evidence to support appellant's allegations of abuse of discretion by the trial court. Appellant's tenth point of error is overruled.

The judgment of the trial court is affirmed.