No. 04-00-00645-CR



Charles FARRINGTON,


Appellant



v.



The STATE of Texas,


Appellee



From the 185th Judicial District Court, Harris County, Texas


Trial Court No. 830,715


Honorable Susan Brown, Judge Presiding



Opinion by: Sarah B. Duncan, Justice


Sitting: Tom Rickhoff, Justice

 Catherine Stone, Justice

 Sarah B. Duncan, Justice


Delivered and Filed: September 26, 2001 


AFFIRMED

 Charles Farrington was convicted by a jury of possession of heroin in an amount over one
and less than four grams. He appeals, contending the evidence is legally and factually insufficient
to establish the weight of the heroin was more than one gram and his counsel was ineffective in
failing to procure independent expert testimony as to the weight of the heroin. We disagree and
affirm the trial court's judgment.

Weight of the Heroin


 Farrington contends the evidence is legally and factually insufficient to establish that the
weight of the heroin was more than one but less than four grams. We disagree.

 To review these issues, we employ the well-established standards of review for legal and
factual sufficiency. See Jackson v. Virginia, 443 U.S. 307, 319 (1979); Clewis v. State, 922 S.W.2d
126, 129 (Tex. Crim. App. 1996).

 Canvice Sapp, a chemist for the Houston Police Department's Crime Laboratory for two
years, testified how she calculated the weight of the heroin. According to Sapp, the Department
weighs evidence in either of two ways - individually or collectively. She employed the latter method
and first got a total weight 1.67 grams. This weight included the weight of the heroin and the six
baggies that contained the heroin. To account for the weight of the baggies, she emptied one baggie
and weighed it. She rounded the baggie weight (.07 grams) up to .075 grams and multiplied this
amount by six to obtain the weight of six empty baggies. - .45 grams. She then subtracted .45 grams
from the total weight (1.67 grams) to obtain the weight of the heroin without the baggies - 1.22
grams. 

 To weigh the heroin, Sapp used an analytical balance, which is calibrated daily (although not
by Sapp) and which has an accuracy of plus or minus .01 milligram. Sapp further testified that,
although it is possible her failure to weigh each baggie skewed her calculations somewhat, the
weight of the baggies was not significant enough to reduce the amount of heroin to less than one
gram. Based on Sapp's testimony we hold the evidence is legally and factually sufficient to establish
the weight of the heroin was more than one but less than four grams.

Ineffective Assistance of Counsel


 Farrington next contends his trial counsel was ineffective because he failed to procure
independent expert testimony regarding the weight of the heroin. 

 We review claims of ineffective assistance of counsel under the standard set forth in
Strickland v. Washington, 466 U.S. 668 (1984), and adopted by the Texas Court of Criminal Appeals
in Hernandez v. State, 726 S.W.2d 53, 55-57 (Tex. Crim. App. 1986). Therefore, we presume
counsel rendered effective assistance and made all significant decisions in the exercise of reasonable
professional judgment. Strickland, 466 U.S. at 690. "A claim of ineffective assistance of counsel can
be sustained only if it is firmly grounded in the record." Castoreno v. State, 932 S.W.2d 597, 602
(Tex. App.-San Antonio 1996, pet. refused).

 Although Farrington filed a motion for new trial, he did not claim his trial counsel was
ineffective. Accordingly, there is no evidence to rebut the presumption that his attorney made a
strategic decision in failing to procure independent expert testimony regarding the weight of the
heroin and instead vigorously cross-examining Sapp. Under these circumstances, we hold Farrington
has not shouldered his burden of establishing his trial counsel was ineffective.

 The trial court's judgment is affirmed.

 Sarah B. Duncan, Justice

Do not publish