In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-12-00357-CR
_____

**LEON PHILLIPS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 252nd District Court**
**Jefferson County, Texas**
**Trial Cause No. 11-10884**

**MEMORANDUM OPINION**

A jury convicted appellant Leon Phillips of aggravated sexual assault of a child as a prior felony offender and assessed punishment at life imprisonment. In three appellate issues, Phillips challenges the sufficiency of the evidence to support his conviction, the prosecutor's comments to the jury that allegedly abrogated Phillips's right to remain silent, and the effectiveness of trial counsel's assistance during the punishment phase. We affirm the trial court's judgment.

1

ISSUE ONE

In his first issue, Phillips argues that the evidence was insufficient to support his conviction. The "*Jackson v. Virginia* legal-sufficiency standard is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the State is required to prove beyond a reasonable doubt." *Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010). In evaluating the legal sufficiency of the evidence, we review all the evidence in the light most favorable to the verdict to determine whether any rational fact-finder could have found the essential elements of the offense beyond a reasonable doubt. *Id.* at 902 n.19 (citing *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)); *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007).

The jury is the ultimate authority on the credibility of witnesses and the weight to be given their testimony. *Brooks*, 323 S.W.3d at 894; *Penagraph v. State*, 623 S.W.2d 341, 343 (Tex. Crim. App. 1981). We give full deference to the jury's responsibility to fairly resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Hooper*, 214 S.W.3d at 13. If the record contains conflicting inferences, we must presume that the jury resolved such facts in favor of the verdict and defer to that resolution.

2

*Brooks*, 323 S.W.3d at 899 n.13; *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). We also determine whether the necessary inferences are reasonable based upon the combined and cumulative force of all the evidence when viewed in the light most favorable to the verdict. *Clayton*, 235 S.W.3d at 778. We may not substitute our judgment for that of the fact finder concerning the weight and credibility of the evidence. *King v. State*, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000).

L.P. testified that Phillips attempted to put his penis into her rectum, that it was painful, and she cried and screamed. The sexual assault nurse examiner, Brenda Garrison, testified that L.P. told her Phillips "had put his thing in her bottom[,]" and upon examining L.P., she found that L.P. had two anal tears that were consistent with L.P.'s account. Other witnesses testified that L.P. gave differing accounts concerning what transpired with respect to the offense. It was the jury's responsibility to fairly resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts, and we must presume that the jury resolved conflicting inferences in favor of the verdict and defer to that resolution. *See Brooks*, 323 S.W.3d at 900 n.13; *Clayton*, 235 S.W.3d at 778; *Hooper*, 214 S.W.3d at 13. In addition, the testimony of a sexual assault victim alone is sufficient evidence of penetration to support a

3

conviction, even if the victim is a child. *Karnes v. State*, 873 S.W.2d 92, 96 (Tex. App.—Dallas 1994, no pet.). Viewing the evidence in the light most favorable to the verdict, we conclude that the evidence was legally sufficient to support Phillips's conviction. *See Brooks*, 323 S.W.3d at 902 n.19. Accordingly, we overrule issue one.

## ISSUE TWO

In his second issue, Phillips contends that the prosecutor's comments during closing argument in the punishment phase abrogated his right to remain silent. After the jury returned its verdict of guilty, Phillips pleaded "not true" to the enhancement paragraphs alleged in the indictment, and the State abandoned one of the enhancement paragraphs. During closing argument, the prosecutor argued as follows, in pertinent part:

> Do you know the difference in sexual assault and aggravated assault? When it's aggravated, it's because it was a child under 14; that's the difference. He has a prior conviction for both, and he hasn't even owned up to that. He didn't own up to this. He forced his 13-year-old daughter to come in here and tell you what happened, put her through a trial and humiliation and heartbreak and embarrassment, and today he still is not owning up to his prior convictions. He hasn't owned up to anything or taken responsibility for anything.

Phillips contends that the prosecutor's argument specifically referred to his failure to testify. As Phillips points out in his brief, defense counsel did not object to the

4

prosecutor's argument; however, Phillips argues that no objection was necessary because the error was so fundamental that no instruction to disregard the improper argument could cure the error. A defendant's right not to be subjected to incurable erroneous jury arguments is forfeited by failure to object. *Cockrell v. State*, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996) (citing *Marin v. State*, 851 S.W.2d 275, 279 (Tex. Crim. App. 1993)). Assuming without deciding that the prosecutor's argument was objectionable, Phillips's failure to object at trial waived his right to complain about the argument on appeal. *See Cockrell*, 933 S.W.2d at 89; *Marin*, 851 S.W.2d at 279; *see also* Tex. R. App. P. 33.1(a). We overrule issue two.

ISSUE THREE

In his third issue, Phillips asserts that trial counsel was ineffective for failing to object to the prosecutor's argument that Phillips contends abrogated his right to remain silent. To prevail on a claim of ineffective assistance of counsel, an appellant must satisfy a two-pronged test:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

5

*Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *see also Hernandez v. State*, 726 S.W.2d 53, 56-57 (Tex. Crim. App. 1986). An appellant must demonstrate a reasonable probability that but for his counsel's errors, the outcome would have been different. *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). "Appellate review of defense counsel's representation is highly deferential and presumes that counsel's actions fell within the wide range of reasonable and professional assistance." *Id.*

Phillips must prove that there was no professional reason for specific acts or omissions of his counsel. *See id.* at 836. Furthermore, "[a]ny allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness." *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999) (citing *McFarland v. State*, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996)). The bare record on direct appeal is usually insufficient to demonstrate that "counsel's representation was so deficient . . . as to overcome the presumption that counsel's conduct was reasonable and professional." *Bone*, 77 S.W.3d at 833 (citation omitted).

The record is silent concerning trial counsel's reasons for not objecting. Phillips did not file a motion for new trial or otherwise create a record elucidating counsel's possible reasons for not objecting. Even assuming without deciding that

the prosecutor's comments were improper, trial counsel may have decided against objecting to avoid further emphasizing the comments. *See Castoreno v. State*, 932 S.W.2d 597, 603 (Tex. App.—San Antonio 1996, pet. ref'd). We must presume that counsel's conduct falls within a wide range of reasonable representation. *See Strickland*, 466 U.S. at 690; *Bone*, 77 S.W.3d at 833. With a silent record, we cannot presume that counsel's conduct constituted ineffective assistance. *See Thompson*, 9 S.W.3d at 813; *Bone*, 77 S.W.3d at 833. Accordingly, we overrule Phillips's third issue and affirm the trial court's judgment.

AFFIRMED.

_____
STEVE McKEITHEN
Chief Justice

Submitted on April 2, 2013
Opinion Delivered April 24, 2013
Do Not Publish

Before McKeithen, C.J., Kreger and Horton, JJ.

7