**AFFIRM and Opinion Filed July 18, 2013.**



**In The**

**Court of Appeals**

**Fifth District of Texas at Dallas**

**No. 05-12-00689-CR**

**GARY MYRE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the County Court at Law**
**Kaufman County, Texas**
**Trial Court Cause No. 30519CC**

## OPINION

Before Justices Bridges, Lang, and Myers
Opinion by Justice Myers

Appellant Gary Myre was convicted of felony driving while intoxicated and sentenced to eighty years in prison. In three issues, he argues that the indictment is void because the State impermissibly used the same prior conviction twice, he received ineffective assistance of counsel, and that the eighty year prison sentence is cruel and unusual punishment. We affirm the trial court's judgment.

### DISCUSSION

### *Indictment*

In his first issue, appellant complains that the indictment improperly alleged a single prior conviction twice, thereby rendering the indictment "void," and that the trial court lacked jurisdiction over the offense. Appellant was indicted for driving while intoxicated, enhanced to a third degree felony under section 49.09(b)(2) of the Texas Penal Code. *See* TEX. PENAL CODE

ANN. § 49.09(b)(2). The indictment alleged two prior Dallas County misdemeanor DWI convictions: MB-02-03369 and MA0542259-K. Appellant's specific complaint is that the MB-02-03369 conviction was used as an enhancement paragraph in the MA0542259-K information and conviction. In addition, having been used to enhance MA0542259-K, cause MB-02-03369 is alleged in the present indictment as a separate prior misdemeanor conviction even though it was, according to appellant, "part and parcel" of the MA0542259-K conviction.

But appellant never raised this particular complaint at trial, and he stipulated to the commission of the two misdemeanor convictions in the "Stipulation and Judicial Confession of Prior Convictions" that was filed in this case. The stipulation states that appellant stipulates and judicially confesses he was convicted of two prior offenses "related to the operation of a motor vehicle while intoxicated," MB-02-03369 and MA0542259-K. It is signed by counsel for the State, defense counsel, and appellant. As this Court has explained,

> A party may stipulate to any fact or to any element of an offense. *See Bryant v. State*, 187 S.W.3d 397, 400 (Tex. Crim. App. 2005). When a criminal defendant does so, the stipulation is a "kind of a judicial admission" and he will not be heard to question the stipulated fact on appeal. *Id.* In *Smith v. State*, 158 S.W.3d 463 (Tex. Crim. App. 2005), for example, the defendant stipulated to two prior convictions that were the jurisdictional predicate for a felony DWI allegation. *Id.* One of those convictions was too remote in time to be used for enhancement purposes, and the evidence of jurisdiction would have been insufficient without it. *See id.* at 464. Affirming the conviction, the court of criminal appeals noted that the timing of the prior convictions was not an element of the offense and that the defendant's stipulation to the prior convictions meant he lost the ability to complain about the remoteness of the prior conviction. *Id.* at 465. The court added in a footnote that "stipulating to the priors to avoid the introduction of damaging evidence arguably rises to the level of estoppel, when it comes to challenging the legitimacy of using those priors." *Id.* at 465 n.14 (citations omitted).

*Rimes v. State*, No. 05-08-01543-CR, 2009 WL 3298181 *4 (Tex. App.—Dallas Oct. 15, 2009, no pet.) (not designated for publication) (footnote omitted). Because appellant failed to make this substantive objection to the indictment prior to trial, he failed to preserve the issue for our review. *See* TEX. CODE CRIM. PROC. ANN. art. 1.14(b). "[I]ndictments charging a person with

committing an offense, once presented, invoke the jurisdiction of the trial court and jurisdiction is no longer contingent on whether the indictment contains defects of form or substance." *Teal v. State*, 230 S.W.3d 172, 177 (Tex. Crim. App. 2007). We overrule appellant's first issue.

### *Ineffective Assistance of Counsel*

In his second issue, appellant argues he received ineffective assistance of counsel because trial counsel (1) did not file a motion to suppress the testimony of the "retrograde extrapolation" expert, Genevieve Medina; (2) did not object to a witness's non-responsive answer; and (3) filed no motion to challenge the admissibility of the blood draw.

To prove ineffective assistance of counsel, appellant must show that (1) trial counsel's representation fell below an objective standard of reasonableness, based on prevailing professional norms; and (2) there is a reasonable probability that the result of the proceeding would have been different but for trial counsel's deficient performance. *Strickland v. Washington*, 466 U.S. 668, 688-92 (1984). Appellant bears the burden of proving his claims by a preponderance of the evidence. *Jackson v. State*, 973 S.W.2d 954, 956 (Tex. Crim. App. 1998).

Review of counsel's representation is highly deferential, and we indulge a strong presumption that counsel's conduct fell within a wide range of reasonable representation. *See Salinas v. State*, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005); *Mallett v. State*, 65 S.W.3d 59, 62-63 (Tex. Crim. App. 2001). A reviewing court will rarely be in a position on direct appeal to fairly evaluate the merits of an ineffective assistance claim. *Salinas*, 163 S.W.3d at 740; *Thompson v. State*, 9 S.W.3d 808, 813-14 (Tex. Crim. App. 1994). To overcome the presumption of reasonable professional assistance, "any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness." *Salinas*, 163 S.W.3d at 740 (quoting *Thompson*, 9 S.W.3d at 813). It is not

–3–

appropriate for an appellate court to simply infer ineffective assistance based upon unclear portions of the record. *Mata v. State*, 226 S.W.3d 425, 432 (Tex. Crim. App. 2007).

With these principles in mind, we first turn to appellant's argument that trial counsel should have moved to suppress Medina's testimony regarding "retrograde extrapolation" of the blood alcohol test results. "Retrograde extrapolation is the computation back in time of the blood-alcohol level—that is, the estimation of the level at the time of driving based on a test result from some later time." *Mata v. State*, 46 S.W.3d 902, 908-09 (Tex. Crim. App. 2001). During her trial testimony, Medina testified briefly regarding retrograde extrapolation of blood alcohol test results and answered several hypothetical questions posed by the State. The record shows that she did not attempt to assign a particular blood alcohol level using retrograde extrapolation, and that she only testified hypothetically to explain the body's absorption of alcohol and to provide possible alternative values that might have been found when appellant's blood was drawn one hour after his arrest. We have previously found similar testimony to be admissible. *See Sutton v. State*, No. 05–10–00827–CR, 2011 WL 3528259, at *3 (Tex. App.—Dallas Aug. 12, 2011, pet. ref'd) (not designated for publication); *Garner v. State*, No. 05–10–00195–CR, 2011 3278533, at *5 (Tex. App.—Dallas, Aug. 2, 2011, no pet.) (mem. op., not designated for publication). Counsel is not required to file futile motions. *Diaz v. State*, 380 S.W.3d 309, 312 (Tex. App.—Fort Worth 2012, pet. ref'd). Nor is counsel's failure to file a pretrial motion categorically deemed ineffective assistance. *Id*.

Turning to appellant's second argument, his complaint is that defense counsel permitted impermissible hearsay that denied the appellant his right to confrontation. The relevant portion of the record concerns testimony from a hospital security officer, Moesha Asher, that the hospital's nurse coordinator, Beatrice Gilabola, "asked [appellant] if he was intoxicated because she thought he was" intoxicated, and appellant "said that he wasn't." There was no objection to

this testimony. As an initial matter, however, we note that the failure to object to inadmissible evidence does not necessarily constitute ineffective assistance of counsel. *See McFarland v. State*, 845 S.W.2d 824, 846 (Tex. Crim. App. 1992); *Castoreno v. State*, 932 S.W.2d 597, 603 (Tex. App.–San Antonio 1996, pet. ref'd). Moreover, isolated failures to object generally do not constitute error in light of the sufficiency of the overall representation. *Johnson v. State*, 691 S.W.2d 619, 627 (Tex. Crim. App. 1984). It is possible that counsel's failure to object was the result of trial strategy. *See, e.g., Bollinger v. State*, 224 S.W.3d 768, 781 (Tex. App.—Eastland 2007, pet. ref'd) ("Counsel can be concerned that too many objections will alienate a jury or that an objection might draw unwanted attention to a particular issue."); *Young v. State*, 10 S.W.3d 705, 713 (Tex. App.—Texarkana 1999, pet. ref'd) (not deficient performance when defense attorney failed to object because counsel may have reasonably decided not to do so to avoid drawing more attention to the matter); *Castoreno*, 932 S.W.2d at 603 ("It is entirely possible that counsel made a conscious decision not to object to the use of the police report, as an objection would have drawn attention to relatively harmless evidence."); *Henderson v. State*, 704 S.W.2d 536, 538 (Tex. App.—Houston [14th Dist.] 1986, pet. ref'd) ("Not objecting can be a trial strategy.").

Regarding appellant's third contention, he faults trial counsel for failing to file a motion challenging the admissibility of the blood draw based on the fact that appellant did not sign the written consent form and testimony from appellant that allegedly raised an issue regarding "the unsanitary conditions of the blood draw." Specifically, appellant points to his testimony at trial that the hospital where the blood was drawn "wasn't the cleanest," and additional testimony from appellant that the room where the blood was drawn was "about 75 to 70 percent clean." Although appellant faults counsel for failing to file a motion challenging the admissibility of the blood sample, the evidence at trial showed appellant consented to the blood draw. Terrell police

officer Jason Tidwell, who arrested appellant for driving while intoxicated, testified that appellant agreed to provide the blood sample, but did not sign the consent form. Appellant recalled that, when asked about providing a blood sample, he told the officer "I'll do whatever you want" when the officer explained to him about providing a sample, and that he agreed to provide blood, saying, "[T]hat's fine."[1] Section 724.012 of the Texas Transportation Code, which provides a mechanism for obtaining breath or blood alcohol test results, does not apply when a person consents to having his or her blood drawn. *See Subrias v. State*, 278 S.W.3d 406, 408 (Tex. App.—San Antonio 2008, pet. ref'd) (police officer who requested blood sample while defendant was at hospital testified defendant consented, and nothing in record contradicted officer's testimony). "No statute is needed to confer authority to obtain a specimen of breath or blood from someone who freely and expressly consents to every single draw." *State v. Neesley*, 239 S.W.3d 780, 786 (Tex. Crim. App. 2007). In addition, Crystal Mankin, the phlebotomist, testified that the blood was drawn in the hospital's emergency room, and that it was sanitary place. *See State v. Johnston*, 336 S.W.3d 649, 662 (Tex. Crim. App. 2011) (noting "a medical environment may be ideal" place for drawing blood). We again point out that defense counsel is not required to file futile motions, and that counsel's failure to file a pretrial motion is not categorically deemed ineffective assistance. *Diaz*, 380 S.W.3d at 312.

Although appellant filed a motion for new trial, he did not raise the issue of ineffective assistance of counsel in the motion. When there is no proper evidentiary record developed at a hearing on a motion for new trial, it is extremely difficult to show counsel's performance was deficient. *See Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). The court of criminal

---

[1] The relevant portion of the record reads as follows:

Q. [DEFENSE COUNSEL:] Do you remember when they asked you about providing the specimen?

A. [APPELLANT:] They asked me, would I do a breathalyzer or give blood. I said, I'll do whatever you want. It says on the video, he said, well, I'm going to take some of your blood, and I said, that's fine.

appeals has stated that it should be a rare case in which an appellate court finds ineffective assistance on a record that is silent as to counsel's trial strategy. *See Andrews v. State*, 159 S.W.3d 98, 103 (Tex. Crim. App. 2005). When faced with such a silent record, we "should not find deficient performance unless the challenged conduct was 'so outrageous that no competent attorney would have engaged in it.'" *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005) (quoting *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001)). We conclude appellant failed to rebut the presumption that counsel's decisions were reasonable and, thus, failed to establish error under the first prong of *Strickland*. We overrule appellant's second issue.

### *Cruel and Unusual Punishment*

In his third issue, appellant contends his eighty year prison sentence violated the Eighth Amendment's prohibition against cruel and unusual punishment. To preserve his complaint that the sentence was disproportionate to the crime committed, appellant must have specifically objected on that basis at the time the sentence was pronounced or in a post-trial motion. *See* TEX. R. APP. P. 33.1(a)(1); *Jacoby v. State*, 227 S.W.3d 128, 130 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd); *Castaneda v. State*, 135 S.W.3d 719, 723 (Tex. App.—Dallas 2003, no pet.). Failure to do either results in a waiver of the complaint. *Jacoby*, 227 S.W.3d at 130; *Castaneda*, 135 S.W.3d at 723.

Appellant's trial counsel did not object at the time of pronouncement that the sentence was excessive, nor did he move for a new trial based on that ground. Because counsel did not object when the sentence was pronounced and failed to raise the issue in a motion for new trial, the issue was not preserved for appellate review. *Jacoby*, 227 S.W.3d at 130; *Castaneda*, 135 S.W.3d at 723.

But even if we could reach appellant's issue, his sentence is within the allowable statutory range. The record in this case shows appellant's criminal history includes prior felony convictions for passing a forged instrument, unlawful delivery of a controlled substance (cocaine), and theft of property. As relevant here, DWI is enhanced to a third degree felony if a person has previously been convicted two times of any other offense "relating to the operating of a motor vehicle while intoxicated." TEX. PENAL CODE ANN. § 49.09(b)(2); *see also Ex parte Roemer*, 215 S.W.3d 887, 889 (Tex. Crim. App. 2007). The punishment range for a third degree felony is not more than ten years in prison or less than two, and a fine not to exceed $10,000. *See* TEX PENAL CODE ANN. § 12.34. Additionally, however, the Texas Penal Code provides that the applicable range of punishment for a third degree felony DWI may be increased to life imprisonment or for any term of not more than 99 years or less than 25 years in prison if, as in this case, the State proves the defendant has been convicted of two felony offenses and the second felony conviction was for an offense that occurred after the first felony offense became final. *See id*. § 12.42(d); *Layman v. State*, No. 14-08-00701-CR, 2010 WL 3292786, at *3 n.4 (Tex. App.—Houston [14th Dist.] Aug. 19, 2010, pet. ref'd) (mem. op., not designated for publication). Generally, a punishment assessed within the statutory range for the offense will not be disturbed on appeal. *See Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984); *Carpenter v. State*, 783 S.W.2d 232, 232-33 (Tex. App.—Dallas 1989, no pet.); *see also Means v. State*, 347 S.W.3d 873, 875 (Tex. App.—Fort Worth 2011, no pet.). Accordingly, we overrule appellant's third issue.

We affirm the trial court's judgment.

/Lana Myers/
LANA MYERS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
120689F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

GARY MYRE, Appellant

No. 05-12-00689-CR  V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Court, Kaufman County, Texas
Trial Court Cause No. 30519CC.
Opinion delivered by Justice Myers.
Justices Bridges and Lang participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 18th day of July, 2013.

/Lana Myers/
LANA MYERS
JUSTICE