ACCEPTED
13-15-00165-CR
THIRTEENTH COURT OF APPEALS
CORPUS CHRISTI, TEXAS
8/5/2015 9:41:41 PM
CECILE FOY GSANGER
CLERK

13-15-00165-CR

**No.** 14-08-9586CR

IN THE 13TH COURT OF APPEALS OF TEXAS

FILED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
8/5/2015 9:41:41 PM
CECILE FOY GSANGER
Clerk

## THE STATE OF TEXAS, APPELLEE

### v.

## Raymond Clinton Hammer
### APPELLANT

ON APPEAL FROM Cause No. 13-15-00165-CR,
THE 25TH JUDICIAL DISTRICT COURT OF TEXAS OF LAVACA COUNTY

## DEFENDANT/APPELLANT'S ORIGINAL BRIEF (DEFENDANT'S APPEAL)

Chris Iles
Attorney at Law
Park Tower
710 Buffalo Street, #802
Corpus Christi, Tx. 78401
361.883.2020
Fax: 866.565.5343
SBOT# 00789391
Appointed Counsel for Defendant/Appellant

## ORAL ARGUMENT IS REQUESTED

# IDENTITY OF PARTIES AND ATTORNEYS

**State's Trial and Appellate Attorney:**
MR. STUART FRYER
County Attorney/Lavaca County
SBOT#: 07497300
P.O. Box 576
109 N. LaGrange
Hallettsville, Texas 77964
Phone No.: 361.798.4757
Attorney for the State

**Appellant:**
HAMMER,RAYMOND CLINTON 01986597
DOMINGUEZ UNIT
6535 Cagnon Road
San Antonio, TX 78252-2202

**Appellant's Trial Attorney:**
MR. THOMAS F. HILLE
Attorney At Law
SBOT#: 24029613
P.O. Box 2356
Seguin, Texas 78156
Phone No.: 210.317.7430

**Appellant's Appellate Attorney:**
Chris Iles
Attorney at Law
Park Tower
710 Buffalo Street, #802
Corpus Christi, Tx. 78401
361.883.2020
Fax: 866.565.5343
SBOT# 00789391

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND ATTORNEYS . . . . . . . . . . . . . . . . . . . 2

INDEX OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ..5

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

SUMMARY OF THE ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

ISSUES PRESENTED…………………………………………....8

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

ISSUE #1     Defense counsel committed ineffective assistance of counsel
when he failed to object to burden shifting by the state in closing argument.

CONCLUSION AND PRAYER .. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

RULE 9.4 (I) CERTIFICATION                                          16

# INDEX OF AUTHORITIES

## CASES

Hernandez v. State, 726 S.W.2d 53 ..... 9

Strickland v. Washington, 466 U.S. 668 ..... passim

Wilson v. State, 938 S.W.2d 57 (Tex. Crim. App. 1996) ..... 11
Denton v. State, 920 S.W.2d 311 (Tex.Cr.App. 1996) ..... 11
Harris v. State, 790 S.W.2d 568, 585 (Tex.Cr.App. 1989) ..... 11
Lowry v. State, 692 S.W.2d 85, 87 (Tex. Crim. App. 1985) ..... 11
Middlebrook v. State, 803 S.W.2d 355, 361 ..... 12
Smith v. State, 898 S.W.2d 838, 845 ..... 12
Alejandro v. State, 493 S.W.2d 230 ..... 12
Gaddis v. State, 753 S.W.2d 396, ..... 12
Coffin v. United States, 156 US 432 (1895) ..... 12
Estelle v. Williams, 425 US 501 (1976) ..... 12
Jackson v. State, 973 S.W.2d 954 ..... 12
Thompson v. State, 9 S.W.3d 808 ..... 12

Gamble v. State, 916 S.W.2d 92 ..... 12

Robinson v. State, 16 S.W.3d 808, 809-10 ..... 14

Castoreno v. State, 932 S.W.2d 597 ..... 14

McFarland v. State, 928 S.W.2d 482 ..... 14

*Ex Parte Davis*, 866 SW2d 234 ..... 14

*Ex Parte Felton,* 815 SW2d 733 ..... 14

*Weathersby v. State*, 627 SW2d 729 ..... 15

## MISCELLANEOUS

US Due Process Clause ..... Passim
TRAP 33.1 ..... 15

4

## STATEMENT OF THE CASE

Appellant was indicted on August 21, 2014 for aggravated assault with a deadly weapon. (Indictment) On February 17, 2015 jury selection and trial was commenced. RR4. On February 18, 2015 the jury found Appellant guilty as charged, and imposed 5 years imprisonment. (Jury Verdict) CR 63-64. On Feb. 18, 2015, Appellant timely filed his notice of appeal and the instant appeal ensued.(Notice of Appeal)

## STATEMENT OF FACTS

The state called Rebecca DeLuna Perez, Jail Administrator for the Lavaca County Jail, as its first witness, who testified as follows: (RR4, 101-145) On July 3, 2014, she was in the hallway of the jail at about 4:00 PM when she heard yelling. ID 103. When she went in cell number B1, she saw that appellant Hammer was yelling and being held against the wall. ID 104. She saw that another inmate, Trey Sloma, had a gash on his neck, so she removed him out of the cell. ID 105-106. In the cell she discovered a flex pen reinforced with the clear wrapping of a deodorant stick. ID 107-108. The alleged victim did not ask to see a doctor. ID 121. Appellant first submitted a medical request for treatment on July 11, 2014. ID. Appellant had blood on his lip and on his shirt. ID 126. There was no DNA evidence submitted for analysis. ID 127. The shank made its way into Appellant's

property bag within 30 seconds after she heard commotion in the cell. ID. 129. She was also recalled as a witness by the state. RR 5, 5-20.

The state called as its next witness James Whited, patrol deputy for the Lavaca County Sheriff's office, who testified as to his investigation. ID. 145-180.

The state called as its next witness Payton Evans, an inmate who testified as to what he saw and heard on the day of the alleged assault. Id. 180-205.

The state called as its next witness William Sloma, the alleged victim, who testified to the details of the alleged assault. Id. 205-225.

The state next called Johnny Ray Hammer, an inmate who testified as to what he saw and heard on the day of the alleged assault. id. 225-241.

The state then rested. RR 5, 20.

The defense called defendant Hammer who testified as to his innocence. CR 5, 20-46.

The state argued the following in closing argument: RR 5, 81. You heard, Mr. Evans did not even know the name or could not identify who the person was. He kept saying the man out in the hall. The man out in the hall. The man out in the hall. Said he'd been in the tank for

three days with him, and so how did they have such a great friendship? We had to bring in the complaining witness William "Trey" Sloma for Mr. Evans to identify him for purposes of the record. You knew who he was, but the record is just black and white and does not.

There's talk about the video. The video is of the hall and that question is whether or not Defendant Hammer had his shirt on. That's all the video would show. Becky Perez said he did not. She said she did not recognize any injury to him until days later. This defendant told you that when he filed his sick call, sick card to go to see the doctor, that was his day he was charged with aggravated assault with a deadly weapon. So he had already cooked up his defense. He banged himself into a table, into the tank, and inflicted that on himself and then afterwards, days later, he didn't complain about it when Becky patted him down. He didn't say "ouch." All he complained about that day was his lip.

## SUMMARY OF THE ARGUMENT

Defense counsel committed ineffective assistance of counsel when he failed to object to burden shifting by the state in closing argument.

## ISSUES PRESENTED

ISSUE #1    Defense counsel committed ineffective assistance of counsel when he failed to object to burden shifting by the state in closing argument.

## ARGUMENT AND AUTHORITIES

**STANDARD OF REVIEW:**    To show ineffective assistance of counsel, an appellant must demonstrate that (1) counsel's representation fell below an objective standard of reasonableness based on prevailing professional norms, and (2) but for counsel's errors, there is a reasonable probability the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 687-88, 694. This standard of proof of ineffective assistance applies to the punishment phase as well as to the trial stage of  criminal proceedings. Hernandez v. State, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986).

## ARGUMENT

This prosecutor in the following comments was improperly arguing that defendant had the burden to prove his innocence:  RR5, 81

There's talk about the video. The video is

of the hall and that question is whether or not Defendant Hammer had his shirt on. That's all the video would show.

This comment was designed to encumber defendant with the burden of producing a video which could have exculpated it himself, thereby shifting the burden onto defendant.

This defendant told you that when he filed his sick call, sick card to go to see the doctor, that was his day he was charged with aggravated assault with a deadly weapon. So he had already cooked up his defense.

This comment was designed to convince the jury that the defendant had the burden to prove his innocence.

This burden shifting violated Due Process rights under the Texas and US Constitutions, statutory and case law. Defendant has no obligation to prove anything. The trial court erred in permitting the state, in closing argument, to improperly shift the burden of proof to defendant, which tainted the jury and contributed to appellant's conviction.

The applicable legal standard of review is whether, in light of the record as a whole, there is a reasonable possibility the improper argument

might have contributed to appellant's conviction. Wilson v. State, 938 S.W.2d 57 (Tex. Crim. App. 1996) citing Denton v. State, 920 S.W.2d 311 (Tex.Cr.App. 1996) In applying this standard of review the court does not look for overwhelming evidence of guilt because it is improper for an appellate court to substitute its judgment for that of the factfinder. Harris v. State, 790 S.W.2d 568, 585 (Tex.Cr.App. 1989). Instead, the court focuses on the error and its possible impact. Id., 790 S.W.2d at 586-588. "If the error was of a magnitude that it disrupted the [factfinder's] orderly evaluation of the evidence, no matter how overwhelming it might have been, then the conviction is tainted." Id., 790 S.W.2d at 588.

"The U.S. Supreme Court has . . . held that it is a violation of the due process clause of the 14th Amendment to shift the burden of proof in a criminal case to the defendant." Lowry v. State, 692 S.W.2d 85, 87 (Tex. Crim. App. 1985). [T]he burden of proof is on the Prosecution. And the State must prove each and every element of the offense alleged beyond a reasonable doubt. If the State fails to prove each element of the offense beyond a reasonable doubt, the Jury has an absolute affirmative duty to acquit and find the Defendant not guilty. If the State proves each

element of the offense beyond a reasonable doubt, the Jury has an absolute duty to convict and find the Defendant guilty." Middlebrook v. State, 803 S.W.2d 355, 361 (Tex. App.SFt. Worth 1990, pet. ref'd).

It is error for a prosecutor, through his argument, to shift the burden to a defendant to bring forward evidence. See, e.g., Smith v. State, 898 S.W.2d 838, 845 (Tex. Crim. App.), cert. denied, 516 U.S. 843, 116 S. Ct. 131, 133 L. Ed. 2d 80 (1996). Permissible jury argument falls within four general areas: (1) summation of the evidence; (2) reasonable deductions from the evidence; (3) answer to the argument of opposing counsel; and (4) plea for law enforcement. Alejandro v. State, 493 S.W.2d 230, 231-32 (Tex.Crim.App.1973). To constitute reversible error, jury arguments must be extreme or manifestly improper, or inject new and harmful facts into evidence. Gaddis v. State, 753 S.W.2d 396, 398 (Tex.Crim.App.1988).

The presumption of innocence is one of the most fundamental and crucial underpinnings of our constitution. It bears noting dicta from the US Supreme Court that illustrates how crucial this principle is:

[t]he principle that there is a presumption of innocence in favor of the accused is the undoubted law, axiomatic and elementary, and its enforcement lies at the foundation of the administration of our criminal law. Coffin v. United States, 156 US 432 (1895)

11

In modern decisions, the Supreme Court has noted that the presumption of innocence, although not articulated in the Constitution, is a basic component of a fair trial. Estelle v. Williams, 425 US 501 (1976).

Despite the foregoing, however, defense counsel failed to object to the prosecutor's burden shifting comments and thereby waived appellate review on the burden shifting issue.

Appellant has the burden of proving his claim by a preponderance of the evidence. Jackson v. State, 973 S.W.2d 954, 956 (Tex. Crim. App. 1998). The court applies a strong presumption that defense counsel was competent. Thompson v. State, 9 S.W.3d 808, at 813. (Tex. Crim. App, 1999) It is presumed that defense counsel's strategy was sound and that the representation was reasonable. Gamble v. State, 916 S.W.2d 92, 93 (Tex. App.--Houston [1st Dist.] 1996, no pet.). In assessing whether a defendant has overcome these presumptions, the court is limited to the facts of the case. Thompson, 9 S.W.3d at 813.

An appellant "making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." Strickland, 466 U.S. at 690, 104 S. Ct. at 2052. Any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged

ineffectiveness. Thompson, 9 S.W.3d at 813. The court cannot speculate beyond the record provided. Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994).

The Court of Criminal Appeals of Texas has held, however, that a motion for new trial claiming ineffective assistance of counsel is not always required to preserve that claim. See Robinson v. State, 16 S.W.3d 808, 809-10 (Tex. Crim. App. 2000). A timely filed appeal is a proper procedure for seeking relief regarding ineffective assistance of counsel. See id. A hearing on a motion for new trial is required only when the motion raises matters extrinsic to the record. See Castoreno v. State, 932 S.W.2d 597, 605 (Tex. App.--San Antonio 1996, pet. ref'd). When an appellant's allegations of ineffective assistance of counsel are firmly founded and affirmatively demonstrated in the record, no evidentiary hearing is required. See McFarland v. State, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996); Castoreno, 932 S.W.2d at 605.

Failure to object may be held ineffective on appeal or a writ application. *Ex Parte Davis*, 866 SW2d 234, (Tex. Crim. App. 1993) A single material omission can constitute ineffective assistance. See, eg, *Ex Parte Felton,* 815 SW2d 733, (Tex. Crim. App. 1991) Failure to preserve appellate complaints can be the basis for a claim of ineffective assistance of

counsel. *Weathersby v. State*, 627 SW2d 729, (Tex. Crim. App. 1982). (Failure to object to improper opinion testimony)

Regarding the first prong of the test on the issue of whether counsel's representation fell below an objective standard of reasonableness based on prevailing professional norms, appellant argues that it is objectively agreed upon as a prevailing professional norm that in order to preserve error, trial counsel must object. *Weathersby v. State*, 627 SW2d 729, (Tex. Crim. App. 1982) and TRAP 33.1. Since he did not, trial counsel was deficient and committed ineffective assistance counsel, since he now cannot raise the claim on direct appeal.

Regarding the second prong on the issue of whether, but for counsel's errors, there is a reasonable probability the result of the proceeding would have been different, appellant argues that there is indeed a reasonable probability that the result of the proceeding would have been different. For the reasons mentioned above, the net effect of the prosecutor being permitted to make these burden shifting comments is that the jury was left with the false idea that defendant was required to produce a video to prove his innocence, in addition to having the general burden of proving his innocence instead of the prosecutor having that burden.

Alternatively, the jury was left with the prejudicial impact of the state's comments which outweighed any probative fact. In either event, it cannot be proven beyond a reasonable doubt that this error did not affect defendant's fundamental constitutional right to receive a fair trial.

Trial counsel did not claim that failing to object on this issue was part of any trial strategy. Furthermore, in light of the facts and record as a whole, there is no plausible reason why trial counsel would not object to this issue.

Because of this ineffective assistance of counsel, defendant did not receive a fair trial, since the jury verdict was undoubtedly tainted by this error. A new trial is required.

## CONCLUSION AND PRAYER

For the foregoing reasons, defendant respectfully requests that the Court of Appeals vacate, overrule, or reverse the verdict of guilty and order a new trial.

Respectfully Submitted,

_____
Chris Iles
Attorney at Law
Park Tower
710 Buffalo Street, #802
Corpus Christi, Tx. 78401
361.883.2020

Fax: 866.565.5343
SBOT# 00789391
Appointed Counsel for Defendant/Appellant

## CERTIFICATE OF SERVICE

This is to certify that a copy of this brief was emailed and faxed to the District Attorney on 8-5-15 and sent via regular mail on same date to HAMMER,RAYMOND CLINTON 01986597, DOMINGUEZ UNIT 6535 Cagnon Road, San Antonio, TX 78252-2202.

_____
Chris Iles

## RULE 9.4 (I) CERTIFICATION

In compliance with Texas Rule of Appellate Procedure 9.4(i)(3), I certify that the number of words in this brief, excluding those matters listed in Rule 94.(i)(1), is 3,124.

_____
Chris Iles