**Danny Joe OSTEEN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 10–00–014–CR.**

Court of Appeals of Texas, Waco.

Oct. 3, 2001.

Michael S. Griffin, Cleburne, for appellant.

Dale S. Hanna, Johnson County District Attorney, David W. Vernon, Johnson County Asst. District Attorney, Cleburne, for appellee.

Before Chief Justice DAVIS, Justice VANCE, and Justice GRAY.

## OPINION

REX D. DAVIS, Chief Justice.

A jury convicted Danny Joe Osteen and sentenced him to thirty-eight years' imprisonment for aggravated sexual assault of a child, ten years' imprisonment for indecency with a child, and five years' imprisonment for attempted indecency with a child. He claims in a single point that the trial court erroneously excluded evidence of a prior inconsistent statement by the victim.

The victim, J.O., testified that Osteen had sexual intercourse with her regularly from the time that she was six years old. Osteen sought to introduce evidence that J.O. previously made statements inconsistent with her testimony at trial. Osteen called T.L., who testified outside the presence of the jury that J.O. had confided in her that she was still a "virgin." Osteen argues that T.L.'s testimony should be allowed because it constitutes a prior inconsistent statement by J.O. under Texas

Rule of Evidence 613(a). The court sustained the State's hearsay objection and excluded T.L.'s testimony.

■ Rule 613(a) states that before impeaching a witness with a prior inconsistent statement, the witness must be "told the contents of such statement and the time and place and the person to whom it was made, and must be afforded an opportunity to explain or deny such statement." Tex.R. Evid. 613(a). The proper predicate must be laid before impeaching a witness with a prior inconsistent statement. *See L.M.W. v. State*, 891 S.W.2d 754, 759 (Tex. App.—Fort Worth 1994, no pet.). Osteen did not tell J.O. the contents of the allegedly inconsistent statement or afford her an opportunity to explain or deny the statements. Because Osteen failed to lay the proper predicate for the admission of a prior inconsistent statement, the trial court properly excluded T.L.'s testimony. Point one is overruled.

The judgment of the trial court is affirmed.