**F I L E D**
IN THE 13TH COURT OF APPEALS
CORPUS CHRISTI

1/22/15

**DORIAN E. RAMIREZ, CLERK**
BY DTello

ACCEPTED
13-14-00610-CR
THIRTEENTH COURT OF APPEAL
CORPUS CHRISTI, TEXAS
1/22/2015 7:46:26 PM
DORIAN RAMIREZ
CLERK

## No. 13-14-00610-CR

IN THE 13TH COURT OF APPEALS OF TEXAS

RECEIVED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
1/22/2015 7:46:26 PM
DORIAN E. RAMIREZ
Clerk

**THE STATE OF TEXAS,**
**APPELLEE**

**v.**

**Damion Navarro**
**APPELLANT**

ON APPEAL FROM THE 2nd 25th DISTRICT COURT, 129-13-A,
GONZALES COUNTY, TEXAS

## DEFENDANT/APPELLANT'S ORIGINAL BRIEF
## (DEFENDANT'S APPEAL)

Chris Iles
Attorney at Law
Park Tower
710 Buffalo Street, #802
Corpus Christi, Tx. 78401
361.883.2020
Fax: 866.565.5343
SBOT# 00789391
Appointed Counsel for Defendant/Appellant

**ORAL ARGUMENT IS REQUESTED**

1

# IDENTITY OF PARTIES AND ATTORNEYS

State's Trial and Appellate Attorney:
        MR. KERI LEA ANN MILLER
        Assistant District Attorney
        SBOT#: 24051960
        415 Saint Louis Street
        Gonzales, Texas 78629
        Phone No.: 830.672.6527
        Attorney for the State

Appellant:

        Damion  Navarro, TDC# 01952710
        Hodge Unit
        379 FM 2972 West
        Rusk, TX 75785-3666

Appellant's Trial Attorney:

        Mr. Travis M. Hill
        ATTORNEY AT LAW
        SBOT NO. 24043293
        P.O. Box 358
        Moulton, Texas 77975
        Phone: 361.596.8888

Appellant's Appellate Attorney:
        Chris Iles
        Attorney at Law
        Park Tower
        710 Buffalo Street, #802
        Corpus Christi, Tx. 78401
        361.883.2020
        Fax: 866.565.5343
        SBOT# 00789391

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND ATTORNEYS . . . . . . . . . . . . . . . . . . . . 2

INDEX OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ..6

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

SUMMARY OF THE ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

ISSUES PRESENTED…………………………………………....7

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

**ISSUE #1**        The court erred in denying defense counsel the right to impeach the witness via prior inconsistent statement.
**ISSUE #2**        The court erred in preventing defendant from fully cross examining Mr. Flach regarding credibility involving truthfulness related to a prior inconsistent statement.
**ISSUE #3**        Defense counsel was ineffective in failing to assert the 6th Amendment right of confrontation in response to the state's objection, or for making an offer of proof.

CONCLUSION AND PRAYER . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

RULE 9.4 (I) CERTIFICATION                                                   26

# INDEX OF AUTHORITIES

## CASES

Martinez v. State, 327 S.W.3d 727,     9

Taylor v. State, 268 S.W.3d 571,     9

Montgomery v. State, 810 S.W.2d 372,     9

Moses v. State, 105 S.W.3d 622     9

De La Paz v. State, 279 S.W.3d 336     10

Ellingsworth v. State, 487 S.W.2d 108,     10

Osteen v. State, 61 S.W.3d 90     10,11,12

McGary v. State, 750 S.W.2d 782,     11

Abdygapparova v. State, 243 S.W.3d 191,     11

Parson v. State, 193 S.W.3d 116,     11

Ruth v. State, 167 S.W.3d 560     11

Moore v. State, 652 S.W.2d 411,     12

Aranda v. State, 736 S.W.2d 702,     12

Joseph v. State, 960 S.W.2d 363,     12

Delaware v. Van Arsdall, 475 U.S. 673,     13

Davis v. Alaska, 415 U.S. 308,     13

Carroll v. State, 916 S.W.2d 494,     13

Delaware v. Van Arsdall, 475 U.S. 673,     13

Virts v. State, 739 S.W.2d 25,     13

Koehler v. State, 679 S.W.2d 6     13

Chambers v. State, 866 S.W.2d 9,     13

Shelby v. State, 819 S.W.2d 544     17

Salinas v. State, 980 S.W.2d 219,     19

Arizona v. Fulminante, 499 U.S. 279,     19

Bentley v. Scully, 41 F.3d 818,     19

Cain v. State, 947 S.W.2d 262     19

Gideon v. Wainwright, 372 U.S. 335,     20

Tumey v. Ohio, 273 U.S. 510,     20

Vasquez v. Hillery, 474 U.S. 254,     20

McKaskle v. Wiggins, 465 U.S. 168,     20

Waller v. Georgia, 467 U.S. 39,     20

Sullivan v. Louisiana, 508 U.S. 275,     20

Strickland v. Washington, 466 U.S. 668                                    21

Jackson v. State, 973 S.W.2d 954                                          22
Thompson v. State, 9 S.W.3d 808,                                         22
Gamble v. State, 916 S.W.2d 92,                                          22
Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994).            22
Robinson v. State, 16 S.W.3d 808,                                       23
Castoreno v. State, 932 S.W.2d 597,                                     23
McFarland v. State, 928 S.W.2d 482,                                     23
*Ex Parte  Davis*, 866 SW2d 234,                                        23
*Ex Parte Felton,* 815 SW2d 733,                                        23
*Weathersby v. State*, 627  SW2d 729                                    23
Aldrich v. State, 296 S.W.3d 225                                        24
Ex parte Welch, 981 S.W.2d 183                                          24

## MISCELLANEOUS

TRE 613(a)                                                    passim
TEX. R. APP. P. 33.2;                                         13
TEX. R. EVID. 103 (a)(2);                                     13
Rule of Appellate Procedure 44.2

## STATEMENT OF THE CASE

Defendant was indicted on September 12, 2013 for burglary of a habitation. (Indictment)  On  September 15, 2014, trial commenced. RR 4. The jury returned a verdict of guilty as charged, and also returned an affirmative deadly weapon finding.  CR 66-67.  On September 17, 2014, the court imposed 50 years of imprisonment.  Judgment, ID 68.  Defendant timely filed his notice of appeal and the instant appeal ensued.  ID 74.

## STATEMENT OF FACTS

The state first called John Christopher Flach, the alleged   Victim in this case who described how he was allegedly robbed in his house at gunpoint by Mr. Navarro.  RR 5 at 56. The state next called Dennis Jahns, Gonzales County Sheriff's office investigator, who testified as to his investigation. ID.  56-64 The state next called Matthew Atkinson, Gonzales County sheriffs office lieutenant of the criminal investigations division,  who testified as to his investigation. ID, 64-98.  The state next called Ashley Russell, emergency medical technician with the Gonzales EMS Service, who testified regarding   the call she was dispatched to, and the injuries which the victim sustained. ID 99-106.  The State next called Bryan  Strong, DPS fingerprint expert, who testified that there were no fingerprints on the bullet cartridge he examined. ID 106-114.  The state next called Raleigh Wood,

PhD, who testified as to defendant's competence and mental state. ID 114-136. The state next called Olan Malaer, fingerprint expert, who testified that defendant's fingerprint matched a judgment in which he was convicted of evading and resisting arrest.ID 136-141.

## SUMMARY OF THE ARGUMENT

The court erred in denying defense counsel the right to impeach the witness via prior inconsistent statement. The court erred in preventing defendant from fully cross examining Mr. Flach regarding credibility involving truthfulness related to a prior inconsistent statement. This violated defendant's right under the confrontation clause of the Sixth Amendment to the U.S. Constitution which guarantees a criminal defendant the opportunity for effective cross-examination. Defense counsel was ineffective in failing to assert the 6th Amendment right of confrontation in response to the state's objection, or for making an offer of proof.

## ISSUES PRESENTED

The court erred in denying defense counsel the right to impeach the witness via prior inconsistent statement. The court erred in preventing defendant from fully cross examining Mr. Flach regarding credibility involving truthfulness related to a prior inconsistent statement. This violated defendant's right under the confrontation clause of the Sixth Amendment to

7

the U.S. Constitution which guarantees a criminal defendant the opportunity for effective cross-examination. Defense counsel was ineffective in failing to assert the 6th Amendment right of confrontation in response to the state's objection, or for making an offer of proof.

## ARGUMENT AND AUTHORITIES

On cross examination, the following exchange occurred:  RR5 at 55-56.

> Q. All right, now, you also said that you had gotten the ski mask during this altercation that was going on and taken
>
> the ski mask off of Mr. Navarro allegedly. What happened to
>
> the ski mask?
>
> A. I believe he -- what -- what do you mean?
>
> Q. Do you know what happened to the ski mask?
>
> A. He had it in his hands. He tried to put it back on when I took it off.
>
> Q. After you had already identified who he was, he was going to put the ski mask back on.
>
> A. He tried for a split second, then he kept it off.

8

Q. Okay.

A. But yeah, he -- it was coming off. He was -- it was cockeyed, so he was trying to put it back on, and he had, you know, the pistol right here. But he was like more -- started worrying more about the pistol than the mask.

Q. If you took the mask off of him, how did he get the mask back?

A. I didn't take it off of him. I pulled it -- I pulled it off of him. I didn't take it off --

Q. Okay, so --

A. -- because I was behind him, and it came off. You can still have a mask on your head, but not over your face.

Q. So in the police report, the officer has stated in here that --

MS. MILLER: Your Honor, I object. It's improper impeachment, and it's hearsay to state what the officer stated in his police report

9

THE COURT: Sustain the objection.

Q. (BY MR. HILL) Would you be surprised if the officer stated it in his report that you told him --

MS. MILLER: Objection, hearsay, your Honor.

THE COURT: Sustain the objection.

MR. HILL: Pass the witness.

**ISSUE #1:** The court erred in denying defense counsel the right to impeach the witness via prior inconsistent statement.

**STANDARD OF REVIEW:** The Appellate Court reviews a trial court's decision to admit or exclude evidence for an abuse of discretion. Martinez v. State, 327 S.W.3d 727, 736 (Tex. Crim. App. 2010). Abuse of discretion occurs only if the decision is "so clearly wrong as to lie outside the zone within which reasonable people might disagree." Taylor v. State, 268 S.W.3d 571, 579 (Tex. Crim. App. 2008); Montgomery v. State, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990) (op. on reh'g). The Appellate Court may not substitute its own decision for that of the trial court. Moses v. State, 105 S.W.3d 622, 627 (Tex. Crim. App. 2003). The Appellate Court will uphold an evidentiary ruling if it was correct on any theory of law applicable to the case. De La Paz v. State, 279 S.W.3d 336, 344 (Tex. Crim. App. 2009).

TRE 613(a) reads as follows:

Rule 613. PRIOR STATEMENTS OF WITNESSES: IMPEACHMENT AND SUPPORT

(a) Examining Witness Concerning Prior Inconsistent Statement. In examining a witness concerning a prior inconsistent statement made by the witness, whether oral or written, and before further cross-examination concerning, or extrinsic evidence of, such statement may be allowed, the witness must be told the contents of such statement and the time and place and person to whom the statement was made, and must be afforded an opportunity to explain or deny such statement. If written, the writing need not be disclosed to the witness at that time, but on request the same shall be shown to opposing counsel. If the witness unequivocally admits having made such statement, extrinsic evidence of same shall not be admitted. This provision does not apply to admissions of a party-opponent as defined in Rule 801(e)(2).

Rule 613(a) of the Texas Rules of Evidence imposes three requirements to establish the proper predicate or foundation for impeachment testimony: (1) identification ("the time and place and the person to whom [the statement] was made"), (2) "the contents of such statement," and (3) the witness "must be afforded an opportunity to explain or deny such statement." TEX. R. EVID. 613(a); see Ellingsworth v. State, 487 S.W.2d 108, 112 (Tex. Crim. App. 1972); Osteen v. State, 61 S.W.3d 90, 91 (Tex. App.—Waco 2001, no pet.). The plain language of Rule 613(a) does not require the witness to deny the statement, it only provides that extraneous evidence may not be admitted if "the witness unequivocally

11

admits having made such statement." TEX. R. EVID. 613(a). The Texas Court of Criminal Appeals has observed that "[w]here the admission is only qualified or partial and not unequivocal[,] the statement may be used to impeach him." McGary v. State, 750 S.W.2d 782, 786 n.3 (Tex. Crim. App. 1988); see Abdygapparova v. State, 243 S.W.3d 191, 204 (Tex. App.—San Antonio 2007, pet. ref'd); Parson v. State, 193 S.W.3d 116, 121 (Tex. App.—Texarkana 2006, pet. ref'd); Ruth v. State, 167 S.W.3d 560, 566 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd).

Rule 613(a) provides, "[T]he witness must be told . . . the person to whom [the statement] was made . . . ." TEX. R. EVID. 613(a) (emphasis added). If the impeaching party fails to lay a proper predicate or foundation, the prior inconsistent statement should not be admitted. Moore v. State, 652 S.W.2d 411, 413 (Tex. Crim. App. 1983); Osteen v. State, 61 S.W.3d 90, 91 (Tex. App.—Waco 2001, no pet.) (proper predicate not laid when impeaching party failed to inform witness of contents of statement). The Texas Court of Criminal Appeals has stated, "The rule of admissibility of evidence of prior inconsistent statements should be liberally construed[,] and the trial judge should have discretion to receive any evidence which gives promise of exposing a falsehood." Aranda v. State, 736 S.W.2d 702, 707

(Tex. Crim. App. 1987); Joseph v. State, 960 S.W.2d 363, 366 (Tex. App.—

Houston [1st Dist.] 1998, pet. ref'd).

Defendant argues that the court erred in denying defendant the right to impeach the witness through his prior inconsistent statement. Per above excerpt, the record clearly reflects that defendant was trying to impeach the witness via prior inconsistent statement. The record does not reflect that there was anything improper in the impeachment sequence that defendant was engaging in.  Although the record is not fully developed, the record does reflect that  defendant was attempting to elicit  a prior inconsistent statement the witness had made regarding the ski mask. The ski mask is a crucial element in the defendant's case, because  this bore on identity which was a critical factor. Had defense counsel been able to fully develop this line of questioning, this would have made a difference in the outcome of the case, because not only would the witness's prior inconsistent statement be exposed, but his credibility would have been damaged severely. Therefore, the court erred in shutting the defense  down.

**ISSUE #2**:   The court erred in preventing defendant from fully cross examining Mr. Flach regarding credibility involving truthfulness related to a prior inconsistent statement. This violated defendant's right under the

13

confrontation clause of the Sixth Amendment to the U.S. Constitution which guarantees a criminal defendant the opportunity for effective cross-examination.

STANDARD OF REVIEW:     A trial court violates a defendant's right to confrontation when the court prohibits the defendant from "engaging in otherwise appropriate cross-examination designed to show a prototypical form of bias on the part of the witness" thereby exposing facts "'from which jurors . . . could appropriately draw inferences relating to the reliability of the witness.'" Delaware v. Van Arsdall, 475 U.S. 673, 678, 89 L. Ed. 2d 674, 106 S. Ct. 1431 (1986). (quoting Davis v. Alaska, 415 U.S. 308, 318, 39 L. Ed. 2d 347, 94 S. Ct. 1105 (1974)). Error is shown  when a reasonable jury might have received a significantly different impression of the witness's credibility if the defendant's counsel had been permitted to pursue the prohibited, but otherwise appropriate, line of questioning. Id.

Generally, "a defendant is entitled to pursue all avenues of cross-examination reasonably calculated to expose a motive, bias, or interest for the witness to testify." Carroll v. State, 916 S.W.2d 494, 497 (Tex. Crim. App. 1996). The confrontation clause of the Sixth Amendment to the U.S. Constitution guarantees a criminal defendant the opportunity for effective cross-examination. Delaware v. Van Arsdall, 475 U.S. 673, 678, 89 L. Ed.

14

2d 674, 106 S. Ct. 1431 (1986). The right to cross-examination is not unlimited and a trial court has wide discretion to limit the scope of cross-examination to "prevent harassment, prejudice, confusion of the issues, harm to the witness, and repetitive or marginally relevant interrogation." Id. at 679. However, a trial court violates a defendant's right to confrontation when the court prohibits the defendant from "engaging in otherwise appropriate cross-examination designed to show a prototypical form of bias on the part of the witness" thereby exposing facts "'from which jurors . . . could appropriately draw inferences relating to the reliability of the witness.'" Id. at 680 (quoting Davis v. Alaska, 415 U.S. 308, 318, 39 L. Ed. 2d 347, 94 S. Ct. 1105 (1974)). Error is shown when a reasonable jury might have received a significantly different impression of the witness's credibility if the defendant's counsel had been permitted to pursue the prohibited, but otherwise appropriate, line of questioning. Id.

There is a distinction, for appellate review purposes, between a situation in which a defense counsel attempts to elicit certain specific responses from a witness, but is precluded from doing so by the trial judge, and a situation in which a defense counsel is not permitted to question a witness about a certain general subject that might affect the witness's credibility. Virts v. State, 739 S.W.2d 25, 29 (Tex. Crim. App. 1987)(en

banc). The respective requirements for preserving error in each situation are distinct. Id. In the former situation, in order to preserve error, defense counsel must make a bill of exception wherein the witness answers the specific questions on the record, or alternatively, counsel may make an offer of proof that includes the questions that would have been asked and the answers that were expected to be received. TEX. R. APP. P. 33.2; TEX. R. EVID. 103 (a)(2); Virts, 739 S.W.2d at 29; Koehler v. State, 679 S.W.2d 6, 9 (Tex. Crim. App. 1984)(en banc). However, when the complaint is that the trial judge denied a defendant the opportunity to question a witness generally about a matter that might affect the witness's credibility, it is not necessary to show what the cross-examination would have established in order to preserve the complaint; it is enough to establish the general subject matter on which the witness would have been questioned and, if challenged, demonstrate why it should have been admitted into evidence. Virts, 739 S.W.2d at 29; Koehler, 679 S.W.2d at 9.

The "parameters of cross-examination for the showing of bias [rest] on the sound discretion of the trial judge" who "must balance probative value against prejudicial risks, i.e. undue prejudice, embarrassment, harassment, confusion of the issues, and undue delay." Chambers v. State,

866 S.W.2d 9, 27 (Tex. Crim. App. 1993)(en banc). Accordingly, the trial court's determination is not reversible absent a clear abuse of discretion. Id.

If the appellate court does determine that a trial court improperly limited the scope of a defendant's cross-examination of a witness, and that the error was preserved, this court must then conduct a harm analysis under the three-prong analysis set out in Van Arsdall. Van Arsdall, 475 U.S. at 684.

Defendant submits that the court "improperly limited the scope of a defendant's cross-examination of a witness," and that the error was preserved.

Defendant has a right to question the witness' credibility, which he was doing when he started questioning the witness about a prior inconsistent statement regarding the ski mask, which bore on identity, a crucial element, as well as the witness's general credibility. Furthermore, the witness was the alleged victim, the most important witness in the case.

Making one statement to an investigator and then changing the statement at trial certainly raises questions of credibility. The court, in shutting defense counsel down, violated defendant's right to full confrontation of the key, primary adverse eyewitness. In stifling defendant's

17

questioning of this witness, the court "improperly limited the scope of a defendant's cross examination of a witness."

Under the Van Arsdall analysis, this court:

[first] assumes that the damaging potential of the cross-examination [was] fully realized. Second, with that assumption in mind, [we] review the error in connection with the following factors:

(1) The importance of the witness'[s] testimony in the prosecution's case;

(2) Whether the testimony was cumulative;

(3) The presence or absence of evidence corroborating or contradicting the testimony of the witness on material points;

(4) The extent of cross-examination otherwise permitted; and,

(5) The overall strength of the prosecution's case.

Finally, in light of the first two prongs, [we] determine if the error was harmless. Shelby v. State, 819 S.W.2d 544, 547 (Tex. Crim. App. 1991)(en banc) (citations omitted).

(1) Regarding "the importance of the witness'[s] testimony in the prosecution's case," Mr. Flach was extremely important because he was the only eyewitness to the crime.

(2) Regarding "whether the testimony was cumulative," Mr. Flach's substantive testimony regarding the details of the alleged crime was not

18

cumulative, since he was a uniquely situated to provide facts that no one else could provide.

(3) Regarding "the presence or absence of evidence corroborating or contradicting the testimony of the witness on material points," there was a genuine fact question of the identity of the perpetrator.

(4) Regarding "the extent of cross-examination otherwise permitted" Mr. Flach's credibility was extremely important because he was the only direct witnesses available who was asserting or implying that the defendant was the perpetrator.

(5) Regarding "the overall strength of the prosecution's case, the DA on the one hand called many witnesses and proffered numerous exhibits. On the other hand there was a genuine question of the identity of the perpetrator. Because of the complexity of the testimony and the volume of evidence presented, Mr. Flach's testimony was even more critical. Hence, the defendant's right to fully cross examine him was all the more accentuated as crucial.

Based on the foregoing, the court violated defendant's 6th Amendment right to fully confront Mr. Flach in not permitting him to pursue this line of questioning.

**<u>STRUCTURAL ERROR ARGUMENT</u>**

Under Texas Rule of Appellate Procedure 44.2, only certain federal constitutional errors labeled by the United States Supreme Court as "structural" are categorically immune to reversible error analysis. Salinas v. State, 980 S.W.2d 219, 219 (Tex.Crim.App.1998). Structural error exists when a defect at trial affects the framework within which the trial proceeds, as opposed to error within the trial process itself. Arizona v. Fulminante, 499 U.S. 279, 310, 111 S.Ct. 1246, 113 L.Ed.2d 302. "A structural error requires automatic reversal and is not subject to harmless error analysis because it involves a deprivation of a constitutional protection so basic that in its absence, 'a criminal trial cannot reliably serve its function as a vehicle for determination of guilt or innocence, and no criminal punishment may be regarded as fundamentally fair.' " Bentley v. Scully, 41 F.3d 818, 823 n. 1 (2nd Cir.1994) (citing Arizona v. Fulminante, 499 U.S. at 310, 111 S.Ct. 1246). The Supreme Court "has applied harmless-error analysis to a wide range of errors and has recognized that most constitutional errors can be harmless. Fulminante, 499 U.S. at 306, 111 S.Ct. 1246. Involuntary confessions have not been held to be structural error. Fulminante at 1265, 111 S.Ct. 1246.

Since the Court's decision in Cain v. State, 947 S.W.2d 262, 264 (Tex.Cr.App.1997), except for certain federal constitutional errors labeled

by the United States Supreme Court as "structural," no error, whether it relates to jurisdiction, voluntariness of a plea, or any other mandatory requirement, is categorically immune to a harmless error analysis. See Arizona v. Fulminante, 499 U.S. 279, 111 S.Ct. 1246, 1265, 113 L.Ed.2d 302 (1991). Structural error, which is subject to automatic reversal, has been found only in six instances. Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963) (total deprivation of the right to counsel); Tumey v. Ohio, 273 U.S. 510, 47 S.Ct. 437, 71 L.Ed. 749 (1927) (an impartial judge); Vasquez v. Hillery, 474 U.S. 254, 106 S.Ct. 617, 88 L.Ed.2d 598 (1986) (unlawful exclusion of members of the defendant's race from a grand jury); McKaskle v. Wiggins, 465 U.S. 168, 177-78, n. 8, 104 S.Ct. 944, 950-51, n. 8, 79 L.Ed.2d 122 (1984) (the right to self-representation); Waller v. Georgia, 467 U.S. 39, 49, n. 9, 104 S.Ct. 2210, 2217, n. 9, 81 L.Ed.2d 31 (1984) (the right to public trial), and Sullivan v. Louisiana, 508 U.S. 275, 113 S.Ct. 2078, 124 L.Ed.2d 182 (1993) (defective reasonable doubt instruction).

Although courts have not clearly deemed violations of the 6th Amendment right of confrontation or due process to be structural error, defendant argues that 6th Amendment right of confrontation was violated

when the court denied defendant the right to impeach the witness through prior inconsistent statement and that this constitutes structural error.

## ISSUE #3: INEFFECTIVE ASSISTANCE OF COUNSEL

Defense counsel was ineffective in failing to assert the 6th Amendment right of confrontation in response to the state's objection, or for making an offer of proof.

Alternatively, defendant argues that the error of the court denying defendant the right to impeach the witness through prior inconsistent statement contributed to an increase in appellant's conviction beyond a reasonable doubt and that trial counsel was ineffective in failing to assert defendant's 6th Amendment right of confrontation in response to the state's objection, or for making an offer of proof.

## STANDARD OF REVIEW

To show ineffective assistance of counsel, an appellant must demonstrate that (1) counsel's representation fell below an objective standard of reasonableness based on prevailing professional norms, and (2) but for counsel's errors, there is a reasonable probability the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 687-88, 694. This standard of proof of ineffective assistance applies to

22

the punishment phase as well as to the trial stage of criminal proceedings. Hernandez v. State, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986).

**ARGUMENT**

Appellant has the burden of proving his claim by a preponderance of the evidence. Jackson v. State, 973 S.W.2d 954, 956 (Tex. Crim. App. 1998). The court applies a strong presumption that defense counsel was competent. Thompson v. State, 9 S.W.3d 808, at 813. (Tex. Crim. App, 1999) It is presumed that defense counsel's strategy was sound and that the representation was reasonable. Gamble v. State, 916 S.W.2d 92, 93 (Tex. App.--Houston [1st Dist.] 1996, no pet.). In assessing whether a defendant has overcome these presumptions, the court is limited to the facts of the case. Thompson, 9 S.W.3d at 813.

An appellant "making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." Strickland, 466 U.S. at 690, 104 S. Ct. at 2052. Any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. Thompson, 9 S.W.3d at 813. The court cannot speculate beyond the record provided. Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994).

The Court of Criminal Appeals of Texas has held, however, that a motion for new trial claiming ineffective assistance of counsel is not always required to preserve that claim. See Robinson v. State, 16 S.W.3d 808, 809-10 (Tex. Crim. App. 2000). A timely filed appeal is a proper procedure for seeking relief regarding ineffective assistance of counsel. See id. A hearing on a motion for new trial is required only when the motion raises matters extrinsic to the record. See Castoreno v. State, 932 S.W.2d 597, 605 (Tex. App.--San Antonio 1996, pet. ref'd). When an appellant's allegations of ineffective assistance of counsel are firmly founded and affirmatively demonstrated in the record, no evidentiary hearing is required. See McFarland v. State, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996); Castoreno, 932 S.W.2d at 605.

Failure to object may be held ineffective on appeal or a writ application. *Ex Parte Davis*, 866 SW2d 234, (Tex. Crim. App. 1993) A single material omission can constitute ineffective assistance. See, eg, *Ex Parte Felton,* 815 SW2d 733, (Tex. Crim. App. 1991) Failure to preserve appellate complaints can be the basis for a claim of ineffective assistance of counsel. *Weathersby v. State*, 627 SW2d 729, (Tex. Crim. App. 1982). (Failure to object to improper opinion testimony)

Trial counsel is charged with knowledge of the applicable law. When trial counsel mistakenly misinforms a defendant that he is eligible for probation when he is in fact not eligible for probation, counsel's representation falls below an objective standard of reasonableness, satisfying the first prong of Strickland. See Aldrich v. State, 296 S.W.3d 225, 242 (Tex. App. -- Fort Worth 2009, pet. ref'd). See Ex parte Welch, 981 S.W.2d 183, 195 (Tex. Crim. App. 1998).

In the instant case, defendant argues that defense counsel was ineffective in failing to assert defendant's 6th Amendment right of confrontation in response to the state's objection, or for making an offer of proof. Defense counsel should have recognized that defendant's 6th Amendment right of confrontation and due process rights were being violated when the state started objecting to his proper impeachment attempt. The need to object is furthermore accentuated in light of the fact that defendant made an affirmative election not to testify in the guilt/innocence phase. The state basically scored an advantage in shutting defendant down. Defendant's constitutional rights were violated. Defendant did not have a fair trial. An injustice was committed. A new trial is required.

**CONCLUSION AND PRAYER**

For the foregoing reasons, defendant respectfully requests that the Court of Appeals vacate, overrule, or reverse the verdict of guilty and order a new trial.

Respectfully Submitted,

_____

Chris Iles
Attorney at Law
Park Tower
710 Buffalo Street, #802
Corpus Christi, Tx. 78401
361.883.2020
Fax: 866.565.5343
SBOT# 00789391
Appointed Counsel for Defendant/Appellant

## CERTIFICATE OF SERVICE

This is to certify that a copy of this brief was emailed and faxed to the District Attorney fax# 8306726527 on 1-22-15 and sent via regular mail to defendant Damion Navarro, TDC# 01952710, Hodge Unit, 379 FM 2972 West, Rusk, TX 75785-3666.

_____

Chris Iles

## RULE 9.4 (I) CERTIFICATION

In compliance with Texas Rule of Appellate Procedure 9.4(i)(3), I certify that the number of words in this brief, excluding those matters listed in Rule 94.(i)(1), is 4,696.

_____

Chris Iles