Opinion issued April 30, 2015



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-14-00334-CR

———————————

**RUBEN FERNANDEZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 180th District Court**
**Harris County, Texas**
**Trial Court Case No. 1360307**

---

## MEMORANDUM OPINION

Appellant Ruben Fernandez was charged by indictment with sexual assault, enhanced by a prior felony conviction. A jury found Fernandez guilty. Fernandez pleaded true to the enhancement allegation, and the trial court sentenced him to 12 years' confinement. On appeal, Fernandez raises two points of error: (1) his trial

counsel rendered ineffective assistance, and (2) the trial court abused its discretion by preventing him from impeaching the complainant in violation of the Confrontation Clause.  We affirm.

## Background

The complainant began working for Fernandez's air conditioning repair company in December 2010.  She testified at trial that approximately one year later, Fernandez's personality and behavior changed and he began looking at her in a sexual way.[1]  According to the complainant, Fernandez told her that he liked her, liked the way that she worked, and wanted "something" with her.  But the complainant, who was married, did not want a relationship with Fernandez and made that clear to him.

The complainant recalled a specific instance in which Fernandez placed his hand on her leg and told her that he would give her "some money" if she let him touch her.  Because this made her feel uncomfortable, she did not go to work for a week after that incident.  She returned to work because she liked the job and Fernandez promised not to touch her again.  Although Fernandez did not touch her again, he frequently talked about sex, which made her uncomfortable.

On May 23, 2012, Fernandez asked the complainant to assist with a job.  Fernandez picked the complainant up from her home and drove her to the job site.

---

[1]     Because the complainant does not speak English, a certified interpreter translated her testimony at trial.

2

She testified that she was the only person assisting Fernandez. While working, Fernandez drank two to three beers. After work, they stopped to eat dinner at a restaurant. Fernandez parked his truck in a spot far from the restaurant even though there were available spots closer to the restaurant's entrance. The complainant testified that Fernandez consumed approximately eight beers and that she consumed two alcoholic beverages at dinner. After a couple of hours, the complainant wanted to leave, but Fernandez wanted to keep drinking.

Once they returned to Fernandez's truck, Fernandez told the complainant that he wanted to touch her and have sex with her. The complainant testified that while they were in the truck, Fernandez grabbed her, asked if he could touch her, and offered her money. He also grabbed her purse and told her that she "need[ed] to let [him] touch [her]." The complainant testified that she was "very scared." Fernandez took her purse, grabbed her by the arms, and continued to struggle with her as she told him she wanted to exit the truck. But Fernandez did not stop touching her and told her that she was "not going to go." The complainant testified that as they struggled, her shoulder was pushed against the door, and Fernandez placed his hand down her pants and inserted his fingers in her vagina. She tried to pull his hand out of her pants and told him to let go of her.

The complainant testified that when she was finally able to open the truck's door, she fell to the ground. Because Fernandez was pushing the complainant

3

against the door, he also fell and landed on top of her. Fernandez quickly stood up, returned to the driver's side of the truck, and drove away while the complainant was lying face down on the ground.

Officer H. Trinh of the Houston Police Department testified that the complainant was crying and upset when he arrived at the scene that night. Because he could not communicate with the complainant in English, he requested that dispatch send a Spanish-speaking officer to assist him. Officer E. Alejandro of the Houston Police Department arrived and translated for the complainant and Officer Trinh. Officer Trinh wrote his report based on Officer Alejandro's translations.

Officer Alejandro testified that when she arrived at the scene, the complainant was crying, shaking, and in distress. On cross-examination, she agreed with Fernandez's counsel that the complainant told her that she had consumed only one alcoholic beverage and that Fernandez had offered her extra money to touch her breasts. Officer Alejandro also testified that the complainant told her that the assault occurred on the ground outside of the truck and that the police report states that Fernandez placed his fingers in the complainant's vagina when she was on the ground outside of the truck.

Tiffani Dusang, a forensic nurse examiner, testified that she conducted a sexual assault examination on the complainant. During her examination, Dusang did not find trauma to the complainant's vaginal area, but she testified that it is

4

"common not to find trauma" from digital penetration. Dusang's report noted that the complainant had blue or red bruises, and Dusang testified that the color indicated the bruises were "newer" and consistent with being grabbed. Her report also noted that the complainant was "tearful" during the examination.

Dusang also testified regarding what the complainant reported to her. The complainant told Dusang that Fernandez attempted to touch the complainant's breasts and vaginal area. When she told him no, they struggled and he placed two fingers in her vagina. Dusang also testified that the complainant told her that when she fell to the ground, Fernandez took her purse, dragged her across the ground, and left her lying on the ground.

Officer J. De Los Santos of the Houston Police Department, who worked in the homicide/sex crimes division at the time of the complainant's assault, interviewed the complainant a week after the assault. He testified that she was "a little distraught" and upset during the interview. On cross-examination, Fernandez's counsel asked De Los Santos a series of questions regarding statements the complainant made at the scene. After the State lodged hearsay objections, the trial court held a bench conference. The trial court ruled that Fernandez's counsel could not elicit the complainant's prior inconsistent statements because Fernandez had not asked the complainant about her statements to De Los Santos and provided her the opportunity to explain or deny them.

5

Fernandez's counsel stated that he would recall the complainant. Later that day, two interpreters were made available to interpret for the complainant, but Fernandez's counsel declined to recall the complainant and rested.

**Ineffective Assistance of Counsel**

In his first point of error, Fernandez contends that his trial counsel rendered ineffective assistance by failing to impeach the interpreter and the complainant.

**A.     Standard of Review and Applicable Law**

Both the federal and state constitutions guarantee an accused the right to have the assistance of counsel. *See* U.S. CONST. VI; TEX. CONST. I, § 10; TEX. CODE CRIM. PROC. ANN. art. 1.051 (West Supp. 2014). The right to counsel includes the right to reasonably effective assistance of counsel. *See Strickland v. Washington*, 466 U.S. 668, 686, 104 S. Ct. 2052, 2063 (1984); *Ex parte Gonzales*, 945 S.W.2d 830, 835 (Tex. Crim. App. 1997). Both state and federal claims of ineffective assistance of counsel are evaluated under the two prong analysis of *Strickland*. *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999).

The first prong requires the appellant to demonstrate that counsel's performance was deficient, meaning that counsel made errors so serious that he was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064. The second prong requires the appellant to show that counsel's deficient performance prejudiced the defense. *Id.*

To establish prejudice, the appellant must prove there is a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different. *Jackson v. State*, 973 S.W.2d 954, 956 (Tex. Crim. App. 1998). Unless an appellant can prove both prongs, an appellate court must not find counsel's representation to be ineffective. *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064.

There is a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *Thompson*, 9 S.W.3d at 813; *Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). On direct appeal, a reviewing court will rarely be able to fairly evaluate the merits of an ineffective-assistance claim because the record on direct appeal is usually undeveloped and inadequately reflective of the reasons for defense counsel's actions at trial. *Mata v. State*, 226 S.W.3d 425, 430 (Tex. Crim. App. 2007). The lack of a clear record usually will prevent the appellant from meeting the first prong of *Strickland*, as the reasonableness of counsel's choices and actions during trial can be proven deficient only through facts that do not normally appear in the appellate record. *Id.*

In order for an appellate court to find on direct appeal that counsel was ineffective, counsel's deficiency must be affirmatively demonstrated in the trial record. *Lopez v. State*, 343 S.W.3d 137, 142 (Tex. Crim. App. 2011). When the record is silent as to counsel's reasons for his conduct, finding counsel ineffective

would call for speculation by the appellate court.  *Stults v. State*, 23 S.W.3d 198, 208 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd).  An appellate court will not speculate about the reasons underlying defense counsel's decisions to find counsel ineffective.  *Id.*; *Jackson*, 877 S.W.2d at 771.  If appellant does not file a motion for new trial or request a hearing, or if counsel does not appear at the hearing, an affidavit from trial counsel becomes almost vital to the success of an ineffective assistance claim on direct appeal.  *Stults*, 23 S.W.3d at 208–09.

## B.    Analysis

First, Fernandez contends that his counsel should have cross-examined and impeached the interpreter after he alerted his counsel that the interpreter made incorrect translations.  During a recess from the complainant's direct testimony, Fernandez's counsel notified the trial court that Fernandez disagreed with the interpreter's translations, arguing that the interpreter was translating in "gist form."  Specifically, Fernandez believed that the complainant's statement that Fernandez "offered to pay [the complainant] money" was incorrect and that the complainant said that "he offered to pay [the complainant] a hundred dollars."  The interpreter repeated the question to the complainant and again translated her testimony as "money."  The interpreter also told the trial court that she translated the complainant's responses "verbatim."

8

Second, Fernandez contends that his trial counsel was ineffective in not impeaching the complainant with inconsistent statements she had made to Officer Alejandro at the scene. Specifically, Fernandez faults his trial counsel for not impeaching her with discrepancies between her trial testimony and statements she had made to Officer Alejandro at the scene regarding (1) how many alcoholic beverages she had consumed, (2) whether she was inside or outside of the truck when Fernandez touched her vagina, and (3) how she opened the truck door. Fernandez's trial counsel did seek to discuss the inconsistent statements while cross-examining Officer De Los Santos. However, the trial court ruled that Fernandez's trial counsel could not question Officer De Los Santos about the complainant's prior statements without first allowing the complainant to explain or deny the statements. Fernandez's trial counsel then stated that he would recall the complainant, presumably to lay the proper predicate for impeachment. Later, however, Fernandez's trial counsel stated on the record, but without offering any reason, that he had decided not to recall the complainant. Fernandez's trial counsel thus never questioned the complainant about any prior statements. According to Fernandez, his trial counsel rendered ineffective assistance by failing to impeach the interpreter and the complainant. We disagree.

Here, the record does not reveal the reasons or motives underlying Fernandez's trial counsel's challenged actions. Because the record is silent as to

9

why counsel chose not to impeach the interpreter regarding the correctness of her translation or the complainant regarding her prior inconsistent statements, we may not assume that his decisions are not attributable to sound trial strategy. *See Thompson*, 9 S.W.3d at 814 (holding that appellant failed to rebut presumption that counsel's decision was reasonable because record was silent as to why counsel failed to object to State's attempt to elicit hearsay). Moreover, the courts of appeals, including this one, have reasoned that failure to impeach could be part of a reasonable strategy. *See Davis v. State*, 276 S.W.3d 491, 502 (Tex. App.—Waco 2008, pet. ref'd) (recognizing counsel's decision not to impeach witnesses may be "sound trial strategy"); *Tadych v. State*, No. 01-06-00620-CR, 2007 WL 4465572, at *4 (Tex. App.—Houston [1st Dist.] Dec. 20, 2007, pet. ref'd) (mem. op., not designated for publication) ("Because there is no evidence of trial counsel's strategy in not seeking to impeach [witness], appellant cannot prevail unless there is no conceivable strategy as a matter of law. We may not speculate on why counsel acted as she did, and we do not conclude as a matter of law that no strategy could exist."); *Sims v. State*, 807 S.W.2d 618, 624 (Tex. App.—Dallas 1991, pet. ref'd) ("[W]e cannot say that failure to attempt impeachment was not sound trial strategy."); *Harris v. State*, No. 01-88-00991-CR, 1990 WL 39468, at *4 (Tex. App.—Houston [1st Dist.] Apr. 5, 1990, pet. ref'd) (not designated for publication) (holding that failure to bring up inconsistent testimony and impeach witness may

10

be sound trial strategy because attempting to impeach may have been "more harmful" than beneficial to appellant).

Because Fernandez has not shown that his trial counsel's actions at trial were "so outrageous that no reasonable competent trial attorney would have done likewise," and the record is silent as to trial counsel's strategy, we presume counsel's conduct was reasonable and professional. *See Mata*, 226 S.W.3d at 433; *see also Stults*, 23 S.W.3d at 208; *Jackson*, 877 S.W.2d at 771. Accordingly, we hold that Fernandez failed to satisfy the first prong of *Strickland*.

We overrule Fernandez's first point of error.

## Evidentiary Ruling

In his second point of error, Fernandez contends that the trial court abused its discretion by sustaining the State's hearsay objection and not allowing Officer De Los Santos to testify about the complainant's prior inconsistent statements. Fernandez contends that this violated his constitutional right to cross-examine the State's witnesses, in violation of the Confrontation Clause.

### A.   Standard of Review and Applicable Law

We review a trial court's decision on the admissibility of evidence for an abuse of discretion. *Tillman v. State*, 354 S.W.3d 425, 435 (Tex. Crim. App. 2011). Likewise, we review a trial court's decision to limit cross-examination under an abuse of discretion standard. *Mims v. State*, 434 S.W.3d 265, 271 (Tex.

App.—Houston [1st Dist.] 2014, no pet.); *Ho v. State*, 171 S.W.3d 295, 304 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd) (citing *Love v. State*, 861 S.W.2d 899, 903 (Tex. Crim. App. 1993) (en banc)). There should be "reluctance on the part of an appellate court to reverse trial court decisions which admit or exclude evidence." *Montgomery v. State*, 810 S.W.2d 372, 378 (Tex. Crim. App. 1990); *Harris v. State*, 152 S.W.3d 786, 793 (Tex. App.—Houston [1st Dist.] 2004, pet. ref'd).

A party may impeach a witness with evidence of a prior inconsistent statement if the party first presents the witness with the existence of the statement, the details and circumstances surrounding the statement, and gives the witness the opportunity to explain or deny the statement. TEX. R. EVID. 613(a). To be admissible under Texas Rule of Evidence 613(a), a prior statement must be inconsistent with the one given at trial. *Lopez v. State*, 86 S.W.3d 228, 230 (Tex. Crim. App. 2002). "If a party fails to establish this predicate, the trial court should sustain an objection to extrinsic proof of the prior inconsistent statement." *Madry v. State*, 200 S.W.3d 766, 769 (Tex. App.—Houston [14th Dist.] 2006, pet. ref'd) (citing *Ferguson v. State*, 97 S.W.3d 293, 296 (Tex. App.—Houston [14th Dist.] 2003, pet. ref'd)). Thus, before a witness may be impeached, she must be informed of the statement's content, the time and place at which it was made, and the person to whom it was made. *Harris v. State*, 152 S.W.3d 786, 795 (Tex.

App.—Houston [1st Dist.] 2004, pet. ref'd) (citing *Flores v. State*, 48 S.W.3d 397, 404 (Tex. App.—Waco 2001, pet. ref'd)).

## B.    Analysis

### 1.    Failure to lay proper predicate under Rule 613

The State argues that the trial court did not err in denying Fernandez's attempt to elicit testimony from Officer De Los Santos regarding the complainant's prior inconsistent statement because Fernandez did not lay the predicate required by Texas Rule of Evidence 613.  We agree.

Fernandez's counsel attempted to elicit testimony contradicting the complainant's testimony about how many alcoholic beverages she consumed, whether Fernandez assaulted her inside or outside the truck, and how the truck's door opened.  But the trial court did not allow the testimony, noting that in order to impeach the complainant, counsel had to "ask certain statements and give the complainant an opportunity to confirm or deny that."  Fernandez's counsel did not recall the complainant to examine her about the prior statements.

Under Rule 613, Fernandez had to lay the proper predicate before he could introduce extrinsic evidence of the complainant's prior inconsistent statement to Officer De Los Santos.  *See* TEX. R. EVID. 613(a).  During cross-examination, Fernandez's counsel asked the complainant, "At some point you are able to open the door and you testified that you fell out of the truck onto the parking lot,

correct?" and she responded "Yes." The complainant also testified during cross-examination that she consumed two alcoholic beverages and that Fernandez placed his fingers inside her vagina while she was inside the truck. But Fernandez's counsel did not ask the complainant any questions regarding statements she made to Officer De Los Santos. Accordingly, we conclude that Fernandez failed to lay the proper predicate under Rule 613 and that the trial court did not abuse its discretion in refusing to allow Fernandez to cross-examine Officer De Los Santos regarding any alleged prior inconsistent statement by the complainant. *See Madry*, 200 S.W.3d at 770 (holding that trial court did not abuse its discretion because defendant failed to lay proper predicate for introduction of police officer's prior inconsistent statement where appellant did not confront witness with prior statement or summarize contents of statements); *Osteen v. State*, 61 S.W.3d 90, 91 (Tex. App.—Waco 2001, no pet.) (holding that defendant failed to lay proper predicate for admission of a prior inconsistent statement where defendant did not tell complainant the contents of allegedly inconsistent statement or afford her an opportunity to explain or deny statements).

### 2. Failure to preserve Confrontation Clause claim

Fernandez also contends that the trial court violated his rights under the Confrontation Clause. We agree with the State that Fernandez failed to preserve this issue for appeal.

Ordinarily, to preserve error, there must be a timely, specific objection and an adverse ruling by the trial court. TEX. R. APP. P. 33.1. Even constitutional error may be waived by failure to object at trial. *Fuller v. State*, 253 S.W.3d 220, 232 (Tex. Crim. App. 2008). A defendant waives his constitutional right to confront witnesses if he does not timely object to testimony on that ground. *See Holland v. State*, 802 S.W.2d 696, 700 (Tex. Crim. App. 1991); *Campos v. State*, 186 S.W.3d 93, 98 (Tex. App.—Houston [1st Dist.] 2005, no pet.).

Here, Fernandez argued that Officer De Los Santos's testimony about the complainant's alleged prior inconsistent statements was admissible to impeach the complainant. But Fernandez never informed the trial court that precluding impeachment through Officer De Los Santos would constitute a violation of the Confrontation Clause. Therefore, his argument did not put the trial court on notice of a complaint under the Confrontation Clause. *See Layton v. State*, 280 S.W.3d 235, 239 (Tex. Crim. App. 2009) (to preserve complaint, party must "let the trial judge know what he wants, why he thinks he is entitled to it, and to do so clearly enough for the judge to understand him at a time when the trial court is in a proper position to do something about it"). Accordingly, we conclude that Fernandez failed to preserve his Confrontation Clause claim. *See Reyna v. State*, 168 S.W.3d 173, 179 (Tex. Crim. App. 2005) ("When a defendant's objection encompasses complaints under both the Texas Rules of Evidence and the Confrontation Clause,

the objection is not sufficiently specific to preserve error."); *Fortunato v. State*, No. 01–07–00066–CR, 2008 WL 1827910, at *3 (Tex. App.—Houston [1st Dist.] April 24, 2008, pet. ref'd) (mem. op., not designated for publication) (Confrontation Clause complaint not preserved because appellant argued at trial only that evidence was admissible to impeach credibility and therefore did not put trial court on notice of violation of Confrontation Clause); *Perry v. State*, 236 S.W.3d 859, 864 (Tex. App.—Texarkana 2007, no pet.) (requiring that a "party clearly articulate that the Confrontation Clause demanded admission of the evidence to allow the trial court to rule on the issue" in order to preserve Confrontation Clause argument on appeal).

We overrule Fernandez's second point of error.

## Conclusion

We affirm the judgment of the trial court.

Rebeca Huddle
Justice

Panel consists of Justices Jennings, Higley, and Huddle.

Do not publish.  TEX. R. APP. P. 47.2(b).