

**IN THE**
**TENTH COURT OF APPEALS**

**No. 10-18-00267-CR**

**DAMIEN RAYSHAWN BETTERS,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 54th District Court**
**McLennan County, Texas**
**Trial Court No. 2016-833-C2**

**MEMORANDUM OPINION**

Damien Rayshawn Betters was indicted on two counts of aggravated sexual assault of the same child. *See* TEX. PENAL CODE ANN. § 22.021. He was convicted of only one of those counts and was sentenced to life in prison and a $10,000 fine. Because the trial court did not abuse its discretion in excluding statements allegedly made by T.H., the victim, to other family members, the trial court's judgment is affirmed.

### BACKGROUND

T.H. has a large, extended family. Betters is T.H.'s uncle, a brother of T.H's mother. On occasion, T.H.'s grandmother allowed both T.H. and Betters to live with her. T.H. made her initial outcry to her mother and accused Betters of the sexual assault.

### STATEMENTS BY T.H.— EXCLUDED

In three subparts to one issue on appeal, Betters contends statements made by T.H. that Betters had not assaulted her were erroneously excluded.

#### *Standard of Review*

We review the trial court's decision to admit or exclude evidence for an abuse of discretion. *Henley v. State*, 493 S.W.3d 77, 82-83 (Tex. Crim. App. 2016). The trial court abuses its discretion when the decision falls outside the zone of reasonable disagreement. *Id.* at 83. If the trial court's decision is correct on any theory of law applicable to the case it will be sustained. *Weatherred v. State*, 975 S.W.2d 323, 323 (Tex. Crim. App. 1998).

The proponent of evidence ordinarily has the burden of establishing the admissibility of the proffered evidence. *White v. State*, 549 S.W.3d 146, 152 (Tex. Crim. App. 2018); *Lester v. State*, 366 S.W.3d 214, 215 (Tex. App.—Waco 2011, pet. ref'd). Here, appellant offered testimony of Bradshaw, a cousin, as evidence of a prior inconsistent statement by T.H. pursuant to Texas Rule of Evidence 613 and of a statement against T.H.'s interest pursuant to Texas Rule of Evidence 803(24).

#### *Rule 613(a)*

In the first sub-part of this issue, Betters asserts the trial court erred in excluding Bradshaw's testimony that T.H. had twice denied being sexually assaulted by Betters

because Betters was impeaching T.H. with prior inconsistent statements. Rule 613(a) states that before impeaching a witness with a prior inconsistent statement, the witness being impeached must be (1) told the contents of such statement, the time and place of the statement, and the person to whom it was made, and (2) afforded an opportunity to explain or deny such statement. TEX. R. EVID. 613(a); *Osteen v. State*, 61 S.W.3d 90, 91 (Tex. App.—Waco 2001, no pet.). If the impeaching party fails to lay this predicate or foundation, the prior inconsistent statement should not be admitted. *Moore v. State*, 652 S.W.2d 411, 413 (Tex. Crim. App. 1983); *Flowers v. State*, 438 S.W.3d 96, 103 (Tex. App.—Texarkana 2014, pet. ref'd).

Smith, Betters' aunt, had testified that T.H. told Smith several times the allegations against Betters were not true. Betters then sought to admit testimony from Bradshaw that she overheard T.H. tell Smith at Smith's house that Betters did not "rape" T.H. Betters also sought to admit testimony from Bradshaw that later, when just Bradshaw and T.H. were talking, T.H. told Bradshaw that Betters did not rape her.

The only question asked of T.H. regarding a possible inconsistent statement was whether T.H. "ever told [Smith] that this didn't happen, that Damien didn't do anything" to her. T.H. denied that she had made this statement to Smith. T.H. was not asked any question about any statement she may have made directly to Bradshaw. T.H. was not confronted with any of the predicate requirements of Rule 613 as to the second statement that T.H. was alleged to have made to Bradshaw, and thus the requirements for Rule 613 were not met as to this statement.

As to the statement Bradshaw allegedly overheard when it was made to Smith, T.H. was never confronted with the time and place of that statement. T.H. was never questioned about whether she made the alleged statement to Smith at Smith's house. The only question to T.H. regarding a possible inconsistent statement was asked immediately after Betters asked T.H. about driving around with Smith in a car. Thus, the required predicate for Rule 613(a) was not met as to this statement.[1]

Because the predicate or foundation requirements for Rule 613(a) were not met as to either statement sought to be admitted through Bradshaw, the trial court did not abuse its discretion in excluding Bradshaw's testimony as evidence of a prior inconsistent statement by T.H.

### Rule 803(24)

In the second subpart to this issue, Betters argued that Bradshaw's testimony regarding T.H.'s statements would be admissible under Rule 803(24) of the Texas Rules of Evidence as a statement against interest. Betters argues the statements were against T.H.'s interest because they were admissions that she made a false statement implicating Betters.

Rule 803(24) sets out a two-step requirement for admissibility. TEX. R. EVID. 803(24). First, the trial court must determine whether the statement, considering all the circumstances, subjects the declarant to criminal liability and whether the declarant

---

[1] We acknowledge that the predicate was not laid before Smith was allowed to testify about the prior inconsistent statement allegedly made by T.H. That shortfall in the predicate as to Smith's testimony does not, however, justify what would be the erroneous admission of other testimony of the same type or for the same purpose.

realized this when the statement was made.  TEX. R. EVID. 803(24)(A); *Walter v. State*, 267 S.W.3d 883, 890-91 (Tex. Crim. App. 2008).  Second, if the statement tends to subject the declarant to criminal liability, the court must determine whether there are sufficient corroborating circumstances that clearly indicate the trustworthiness of the statement. TEX. R. EVID. 803(24)(B); *see id*. at 891; *see also Dewberry v. State*, 4 S.W.3d 735, 751 (Tex. Crim. App. 1999) (once court determined statements were sufficiently self-inculpatory to be reliable, court reviewed whether there was sufficient corroboration of the statements).

When Betters informed the trial court that he was offering T.H.'s statements recanting her accusation of Betters as statements against T.H.'s interest under the first prong of the rule, 803(24)(A), the trial court noted that the rule had two parts and that part (A) ended with an "and."  Betters agreed but did not proceed any further with his argument.  With the burden on Betters to establish the admissibility of the evidence, he failed to provide any argument that the statements satisfied part (B) of the rule. Accordingly, the trial court did not abuse its discretion in declining to admit Bradshaw's testimony under Rule 803(24).

On appeal, Betters now argues that the testimony was admissible under Rule 803(24) because T.H.'s statements would potentially make her an object of hatred, ridicule, or disgrace, which is controlled by part (A) but not necessarily part (B).  He did not make this argument to the trial court.

Error is not properly preserved when the contention urged on appeal does not comport with the specific complaint made in the trial court.  *Lovill v. State*, 319 S.W.3d 687, 691-92 (Tex. Crim. App. 2009); *Pena v. State*, 285 S.W.3d 459, 464 (Tex. Crim. App.

2009). Because Betters did not raise the argument that T.H.'s statements would potentially make her an object of hatred, ridicule, or disgrace and would thus be admissible under Rule 803(24), his argument on appeal does not comport with the argument at trial and has not been preserved for our review.

*Rule 803(3)*

As the third and final subpart of his sole issue, Betters contends T.H.'s statement that her mother would get in trouble should have been admitted as well.[2] Betters readily admits in his brief that this statement "was not really argued about" at trial but asserts that it should have been admissible under Texas Rule of Evidence 803(3). The argument for admissibility of this statement on any basis was never raised by Betters at trial. Accordingly, it, too, does not comport and is not preserved.

**CONCLUSION**

Having overruled each part to Betters' sole issue on appeal, we affirm the trial court's judgment.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Neill
Affirmed
Opinion delivered and filed January 22, 2020
Do not publish
[CRPM]



---

[2] This statement was in response to Bradshaw's and Smith's questions to T.H. about why she would "make the story [against Betters] up."